IN THE MATTER OF THE FORECLOSURE BY DAVID A. SIMPSON, P.C., SUBSTITUTE TRUSTEE, OF A DEED OF TRUST EXECUTED BY REX T. GILBERT, JR. AND DANIELA L. GILBERT, HUSBAND AND WIFE, DATED MAY 5, 2006 AND RECORDED ON MAY 10, 2006, IN BOOK 219 AT PAGE 53 OF THE HYDE COUNTY PUBLIC REGISTRY

No. COA10-361

(Filed 3 May 2011)

**1. Mortgages and Deeds of Trust— foreclosure—debt— evidence of rescission—properly excluded**

The trial court did not err in a foreclosure case by refusing to consider respondents' defense that the debt petitioner sought to foreclose was not a valid debt. The trial court properly refused to consider respondents' evidence of rescission because rescission is an equitable remedy which is not properly raised in a hearing held pursuant to N.C.G.S. § 45-21.16.

**2. Mortgages and Deeds of Trust— foreclosure—petitioner not holder of note**

The trial court erred in ordering the foreclosure of respondents' house to proceed as petitioner did not prove that it was the holder of the note with the right to foreclose under the instrument as required by § 45-21.16(d)(i) and (iii).

Appeal by Respondents from order entered 18 August 2009 by Judge Marvin K. Blount, III in Hyde County Superior Court. Heard in the Court of Appeals 12 October 2010.

*Katherine S. Parker-Lowe, for respondent-appellants.*

*The Law Office of John T. Benjamin, Jr., P.A., by John T. Benjamin, Jr. and James R. White for petitioner-appellee.*

HUNTER, JR., Robert N., Judge.

Respondents Rex T. Gilbert, Jr. and his wife Daniela L. Gilbert, appeal from the trial court's Order authorizing David A. Simpson, P.C., as Substitute Trustee, to proceed with foreclosure under a power of sale in the Deed of Trust recorded in Book 219 at Page 53 in the Hyde County Register of Deeds. We reverse.

## I. Factual and Procedural History

On 5 May 2006, Respondent Rex T. Gilbert, Jr. executed an adjustable rate note ("the Note") to refinance an existing mortgage on his home. According to the terms of the Note, Mr. Gilbert promised to pay a principal amount of $525,000.00 plus interest to First National Bank of Arizona. The Note was secured by a Deed of Trust, executed by Mr. Gilbert and his wife, Daniela L. Gilbert, on real property located at 134 West End Road, Ocracoke, North Carolina. The Deed of Trust identified First National Bank of Arizona as the lender and Matthew J. Ragaller of Casey, Grimsley & Ragaller, PLLC as the trustee.

The record reveals that, during 2008, Respondents ceased making payments on the Note and made an unsuccessful attempt to negotiate a modification of the loan. On 9 March 2009, a Substitution of Trustee was recorded in the Hyde County Register of Deeds, which purports to remove Matthew Ragaller as the trustee of the Deed of Trust and appoint his successor, David A. Simpson, P.C. ("Substitute Trustee"). The Substitution of Trustee identified Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 ("Petitioner") as the holder of the Note and the lien created by the Deed of Trust.

On 12 March 2009, the Substitute Trustee commenced this action by filing a Notice of Hearing on Foreclosure of Deed of Trust with the Hyde County Clerk of Superior Court pursuant to section 45-21.16 of our General Statutes. N.C. Gen. Stat. § 45-21.16 (2009). The Notice of Hearing stated, "the current holder of the foregoing Deed of Trust, and of the debt secured thereby, is: Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6."

In a letter dated 5 April 2009, Mr. Gilbert purported to exercise his right to rescind the loan transaction he entered into with the original

**IN RE FORECLOSURE OF GILBERT**

[211 N.C. App. 483 (2011)]

lender, First National Bank of Arizona, pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1635. As justification for his purported rescission, Gilbert alleged that the Truth in Lending Disclosure Statement provided by First National Bank of Arizona failed to accurately provide all required material disclosures including, *inter alia*, the correct annual percentage rate and payment schedule. The Substitute Trustee responded with a letter from GMAC ResCap, in which it denied any material disclosure errors were made and refused to rescind the loan transaction.

The foreclosure hearing was held on 2 June 2009 before the Clerk of Superior Court of Hyde County. The Honorable Sharon G. Sadler entered an Order on 17 June 2009, permitting the Substitute Trustee to proceed with the foreclosure. In the Order, the Clerk specifically found, *inter alia*, that Petitioner was the holder of the Note and Deed of Trust that it sought to foreclose and the Note evidenced a valid debt owed by Mr. Gilbert. Respondents appealed the Order to superior court.

The matter came on for a *de novo* hearing on 18 August 2009 before the Honorable Marvin K. Blount, III, in Hyde County Superior Court. During the hearing, the trial court admitted into evidence a certified copy of the Note and the Deed of Trust and two affidavits attesting to the validity of Gilbert's indebtedness pursuant to the Note, and that Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 is the current owner and holder of the Note. Additionally, Petitioner introduced the original Note and Allonge for the trial court's inspection.

Reviewing the record before this Court, the Allonge contains a series of indorsements evidencing the alleged assignments of the Note, as follows:

PAY TO THE ORDER OF:
First National Bank of Nevada
WITHOUT RECOURSE BY:
        [Signature]
AMY HAWKINS, ASSISTANT VICE PRESIDENT
FIRST NATIONAL BANK OF ARIZONA

Pay to the order of:
RESIDENTIAL FUNDING CORPORATION
Without Recourse
FIRST NATIONAL BANK OF NEVADA

**IN RE FORECLOSURE OF GILBERT**

[211 N.C. App. 483 (2011)]

By: [Signature]
Deutsche Bank National Trust
Company, F/K/A Bankers Trust
Company of California, N.A.
as Custodian as Attorney in Fact
[Illegible Name and Title]

PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Corporation
BY [Signature]
Judy Faber, Vice President

Respondents made two arguments at the hearing. First, Respondents argued that the debt evidenced by the Note no longer existed, as Mr. Gilbert had rescinded the transaction for the loan with First National Bank of Arizona. Petitioner objected to Respondents' rescission argument as being a defense in equity and, as such, inadmissible in a proceeding held pursuant to N.C. Gen. Stat. § 45-21.16. The trial court agreed and refused to let Respondents' expert witness testify as to alleged material errors in the Truth in Lending Disclosure Statement, which Mr. Gilbert alleged permitted him the right to rescind the loan. Second, Respondents argued that Petitioner had not produced sufficient evidence to establish that Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 was the holder of the Note.

Based on the preceding evidence, the trial court entered an order on 18 August 2009 in which it found, *inter alia*: Mr. Gilbert executed the Note and, with his wife, executed a Deed of Trust in favor of First National Bank of Arizona, secured by the real property described in the Deed of Trust; a valid debt exists and is owed by Gilbert to Petitioner; Gilbert is in default under the Note and Deed of Trust; proper notice of the foreclosure hearing was given to all parties as required by N.C. Gen. Stat. § 45-21.16; Petitioner was the current holder of the Note and the Deed of Trust. The trial court concluded as a matter of law that the requirements of N.C. Gen. Stat. § 45-21.16 had been satisfied. Based on these findings and conclusion of law, the trial court authorized the Substitute Trustee to proceed with the foreclosure. Respondents timely entered notice of appeal.

IN RE FORECLOSURE OF GILBERT

[211 N.C. App. 483 (2011)]

## II. Analysis

A party seeking permission from the clerk of court to proceed with a foreclosure pursuant to a power of sale contained in a deed of trust must prove the following statutory requirements: (1) the party seeking foreclosure is the holder of a valid debt, (2) default on the debt by the debtor, (3) the deed of trust provides the right to foreclose, (4) proper notice was given to those parties entitled to notice pursuant to section 45-21.16(b). N.C. Gen. Stat. § 45-21.16(d) (2009). The General Assembly added a fifth requirement, which expired 31 October 2010: "that the underlying mortgage debt is not a subprime loan," or, if it is a subprime loan, "that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed[.]" *Id.* The role of the clerk of court is limited to making a determination on the matters specified by section 45-21.16(d). *See Mosler ex rel. Simon v. Druid Hills Land Co., Inc.*, 199 N.C. App. 293, 295-96, 681 S.E.2d 456, 458 (2009). If the clerk' s order is appealed to superior court, that court's *de novo* hearing is limited to making a determination on the same issues as the clerk of court. *See id.*

The trial court's order authorizing the foreclosure to proceed was a final judgment of the superior court, therefore, this Court has jurisdiction to hear the instant appeal. N.C. Gen. Stat. § 7A-27(b) (2009). Our standard of review for this appeal, where the trial court sat without a jury, is " 'whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings.' " *In re Adams*, — N.C. App. —, —, 693 S.E.2d 705, 708 (2010) (quoting *In re Foreclosure of Azalea Garden Bd. & Care, Inc.*, 140 N.C. App. 45, 50, 535 S.E.2d 388, 392 (2000)).

We note the trial court classified multiple conclusions of law as "findings of fact." We have previously recognized "[t]he classification of a determination as either a finding of fact or a conclusion of law is admittedly difficult." *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997). Generally, "any determination requiring the exercise of judgment or the application of legal principles is more properly classified a conclusion of law." *Id.* (citations omitted). Any determination made by " 'logical reasoning from the evidentiary facts,' " however, "is more properly classified a finding of fact." *Id.* (quoting *Quick v. Quick*, 305 N.C. 446, 452, 290 S.E.2d 653, 657-58 (1982)). When this Court determines that findings of fact and conclusions of law have been mislabeled by the trial court, we may reclassify them, where

necessary, before applying our standard of review. *N.C. State Bar v. Key*, 189 N.C. App. 80, 88, 658 S.E.2d 493, 499 (2008) (citing *In re Helms*, 127 N.C. App. at 510, 491 S.E.2d at 675).

Looking to the trial court's Order, we conclude that the following "findings of fact" are determinations that required the application of legal principles and are more appropriately classified as conclusions of law: a valid debt exists and is owed to Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6; proper notice was given to and received by all parties as required by N.C. Gen. Stat. § 45-21.16 and the Rules of Civil Procedure; Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 is the current owner and holder of the Note and Deed of Trust. *See In re Watts*, 38 N.C. App. 90, 92, 247 S.E.2d 427, 428 (1978) (noting upon the appeal of a N.C. Gen. Stat. § 45-21.16 special proceeding the trial court's *conclusions of law* included the existence of a valid debt, the right to foreclose under the deed of trust, and proper notice to the mortgagors); *see also Connolly v. Potts*, 63 N.C. App. 547, 549, 306 S.E.2d 123, 124 (1983) (same). In light of this reclassification of the trial court's findings of fact and conclusions of law, we turn to the issues raised on appeal.

## 1. Rescission of the Loan Transaction

**[1]** Respondents raise several arguments alleging the trial court erred by refusing to consider their defense to the foreclosure action, that the debt Petitioner sought to foreclose was not a valid debt—— a required element under the statute for foreclosure by power of sale. *See* N.C. Gen. Stat. § 45-21.16(d)(i) (requiring, *inter alia*, that the clerk of court must determine that a valid debt exists). Respondents contend the debt is not valid because Mr. Gilbert rescinded the transaction by which he obtained the loan from First National Bank of Arizona pursuant to the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the Federal Reserve Board's Regulation Z, 12 C.F.R. § 226.1-.58. We conclude the trial court did not err.

The admissibility of evidence in the trial court is based upon that court's sound discretion and may be disturbed on appeal only upon a finding that the decision was based on an abuse of discretion. *Gibbs v. Mayo*, 162 N.C. App. 549, 561, 591 S.E.2d 905, 913 (2004). Here, we conclude the trial court properly refused to consider Respondents' evidence of rescission. Rescission under the TILA is an equitable remedy. *See Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 819 (4th Cir. 2007) (" '[A]lthough the right to rescind [under the TILA] is

[statutory], it remains an equitable doctrine subject to equitable considerations.' " (quoting *Brown v. Nat'l Permanent Fed. Sav. & Loan Ass'n*, 683 F.2d 444, 447 (D.C. Cir. 1982)). While legal defenses to a foreclosure under a power of sale are properly raised in a hearing held pursuant to section 45-21.16, equitable defenses are not. *Watts*, 38 N.C. App. at 94, 247 S.E.2d at 429. As we have previously stated, a hearing under section 45-21.16 is "not intended to settle all matters in controversy between mortgagor and mortgagee, nor was it designed to provide a second procedure for invoking equitable relief." *Id.* A party seeking to raise an equitable defense may do so in a separate civil action brought in superior court under section 45-21.34. *Id.*; N.C. Gen. Stat. § 45-21.34 (2009) (stating that a party with a legal or equitable interest in the subject property may apply to a superior court judge to enjoin a sale of the property upon legal or equitable grounds). Accordingly, the trial court properly concluded Respondents' argument that Mr. Gilbert had rescinded the loan transaction, invaliding the debt Petitioner sought to foreclose, was an equitable defense and not properly before the trial court Respondents' argument is without merit.[1]

## 2. Evidence that Petitioner was the Owner and Holder of Mr. Gilbert's Promissory Note

[2] RRespondents also argue the trial court erred in ordering the foreclosure to proceed, as Petitioner did not prove that it was the holder of the Note with the right to foreclose under the instrument as required by section 45-21.16(d)(i) and (iii). We agree.

A "foreclosure under a power of sale is not favored in the law and itsexercise will be watched with jealousy." *In re Foreclosure of Goforth Props., Inc.*, 334 N.C. 369, 375, 432 S.E.2d 855, 859 (1993) (citations and internal quotation marks omitted). That the party seeking to foreclose on a promissory note is the holder of said note is an essential element of the action and the debtor is "entitled to demand strict proof of this element." *Liles v. Myers*, 38 N.C. App. 525, 528, 248 S.E.2d 385, 388 (1978).

---

1. During the pendency of this action, the Gilberts filed a separate action against Deutsche Bank Trust Company Americas, Residential Funding, LLC, GMAC Mortgage, LLC, and David A. Simpson, P.C. to litigate, *inter alia*, their TILA claim in Hyde County Superior Court. The defendants removed the action to federal court. *See Gilbert v. Deutsche Bank Trust Co. Americas*, slip op. at 1, 4:09-CV-181-D, 2010 WL 2696763 (E.D.N.C. July 7, 2010), *reconsideration denied*, 2010 WL 4320460 (E.D.N.C. Oct. 19, 2010). Because the Gilberts' claim was filed more than three years after the loan transaction was completed, the federal trial court dismissed the action for failure to state a claim upon which relief could be granted. *Id.* at ——, slip op. at 5.

IN RE FORECLOSURE OF GILBERT

[211 N.C. App. 483 (2011)]

For the trial court to find sufficient evidence that Petitioner is the holder of a valid debt in accordance with section 45-21.16(d), "this Court has determined that the following two questions must be answered in the affirmative: (1) 'is there sufficient competent evidence of a valid debt?'; and (2) 'is there sufficient competent evidence that [the party seeking to foreclose is] the holder[] of the notes [that evidence that debt]?' " *Adams*, —— N.C. App. at ——, 693 S.E.2d at 709 (quoting *In re Cooke*, 37 N.C. App. 575, 579, 246 S.E.2d 801, 804-05 (1978)); *see* N.C. Gen. Stat. § 45-21.16(d) (2009) (in order for the foreclosure to proceed, the clerk of court must find, *inter alia*, the existence of a "valid debt of which *the party seeking to foreclose is the holder*," and a "right to foreclose under the instrument" securing the debt) (emphasis added).

Establishing that a party is the holder of the note is essential to protect the debtor from the threat of multiple judgments on the same note.

> If such proof were not required, the plaintiff could negotiate the instrument to a third party who would become a holder in due course, bring a suit upon the note in her own name and obtain a judgment in her favor. . . . Requiring proof that the plaintiff is the holder of the note at the time of her suit reduces the possibility of such an inequitable occurrence.

*Liles*, 38 N.C. App. at 527, 248 S.E.2d at 387.

We have previously determined that the definition of "holder" under the Uniform Commercial Code ("UCC"), as adopted by North Carolina, controls the meaning of the term as it used in section 45-21.16 of our General Statutes for foreclosure actions under a power of sale. *See Connolly*, 63 N.C. App. at 550, 306 S.E.2d at 125; *Adams*, —— N.C. App. at ——, 693 S.E.2d at 709. Our General Statutes define the "holder" of an instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." N.C. Gen. Stat. § 25-1-201(b)(21) (2009); *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 203, 271 S.E.2d 54, 57 (1980). Furthermore, a " '[p]erson' means an individual, corporation, business trust, estate, trust . . . or any other legal or commercial entity." N.C. Gen. Stat. § 25-1-201(b)(27) (2009).

As addressed above, we conclude the trial court properly found that a valid debt existed. The remaining issue before this Court is whether there was competent evidence that Petitioner was the holder of the Note that evidences Mr. Gilbert's debt.

In support of its argument that it provided competent evidence to support the trial court's findings, Petitioner first points to its production of the original Note with the Allonge at the *de novo* hearing, as well as its introduction into evidence true and accurate copies of the Note and Allonge. Petitioner asserts this evidence "plainly evidences the transfers" of the Note to Petitioner. We cannot agree.

Under the UCC, as adopted by North Carolina, "[a]n instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." N.C. Gen. Stat. § 25-3-203(a) (2009). Production of an original note at trial does not, in itself, establish that the note was transferred to the party presenting the note with the purpose of giving that party the right to enforce the instrument, as demonstrated in *Connolly*, 63 N.C. App. at 551, 306 S.E.2d at 125, and *Smathers v. Smathers*, 34 N.C. App. 724, 726, 239 S.E.2d 637, 638 (1977) (holding that despite evidence of voluntary transfer of promissory notes and the plaintiff's possession thereof, the plaintiff was not the holder of the note under the UCC as the notes were not drawn, issued, or indorsed to her, to bearer, or in blank. "[T]he plaintiff testified to some of the circumstances under which she obtained possession of the notes, but the trial court made no findings of fact with respect thereto.")

In *Connolly*, determining who had possession of the note became the critical question for the foreclosure proceeding. 63 N.C. App. at 551, 306 S.E.2d at 125. Several years prior to the foreclosure proceedings at issue in *Connolly*, the petitioners obtained a loan from a bank and pledged as collateral a promissory note that was payable to the petitioners by assigning and delivering the note to the bank. *Id.* at 549, 306 S.E.2d at 124. After obtaining their loan, the petitioners sought to foreclose on the promissory note and deed of trust, which was in the bank's possession, but were denied at the special proceeding before the clerk of court. *Id.* at 548, 306 S.E.2d at 124. The petitioners appealed the decision to superior court. *Id.* During the *de novo* hearing, the petitioners testified their loan to the bank had been paid, but "they had left the [] note at the bank, for security purposes." *Id.* at 551, 306 S.E.2d at 125. The petitioners, however, "introduced the originals of the note and deed of trust" during the hearing. *Id.* The trial court found the bank was in possession of the note and concluded, as a matter of law, the petitioners were not the holders of the note at the institution of the foreclosure proceedings; the foreclosure was again denied. *Connolly*, 63 N.C. App. at 550, 306 S.E.2d at 124-25.

On appeal, this Court concluded that despite the fact that the party seeking foreclosure introduced the original note at the time of the *de novo* hearing, the trial court's findings of fact did not address whether the petitioners were in possession of the note at the time of the trial; the trial court's judgment was vacated and remanded. *Id.* at 551, 306 S.E.2d at 125-26.

Similarly, here, the trial court's findings of fact do not address who had possession of Mr. Gilbert's note at the time of the *de novo* hearing. Without a determination of who has physical possession of the Note, the trial court cannot determine, under the UCC, the entity that is the holder of the Note. *See* N.C. Gen. Stat. § 25-1-201(b)(21) (defining "holder" as "the person *in possession* of a negotiable instrument that is payable either to bearer or to an identified person that is the person *in possession*") (emphasis added); *Connolly*, 63 N.C. App. at 550, 306 S.E.2d at 125 ("It is the fact of possession which is significant in determining whether a person is a holder, and the *absence of possession defeats that status.*") (emphasis added). Accordingly, the trial court's findings of fact do not support the conclusion of law that Petitioner is the holder of Mr. Gilbert's note.

Assuming *arguendo* that production of the Note was evidence of a transfer of the Note pursuant to the UCC and that Petitioner was in possession of the Note, this is not sufficient evidence that Petitioner is the "holder" of the Note. As discussed in detail below, the Note was not indorsed to Petitioner or to bearer, a prerequisite to confer upon Petitioner the status of holder under the UCC. *See* N.C. Gen. Stat. § 25-1-201(b)(21) (requiring that, to be a holder, a person must be in possession of the note payable to bearer or to the person in possession of the note). " '[M]ere possession' of a note by a party to whom the note has neither been indorsed nor made payable 'does not suffice to prove ownership or holder status.' " *Adams*, —— N.C. App. at ——, 693 S.E.2d at 710 (quoting *Econo-Travel Motor Hotel Corp.*, 301 N.C. at 203, 271 S.E.2d at 57).

Petitioner acknowledges that following the signing of the Note by Mr. Gilbert, the Note was sequentially assigned to several entities, as indicated by the series of indorsements on the Allonge, reprinted above. Respondents argue these indorsements present two problems. First, Respondents state that Petitioner did not provide any evidence to establish that Deutsche Bank National Trust Company had the authority, as the attorney-in-fact for First National Bank of Nevada, to assign the Note to Residential Funding Corporation in the second assignment. Respondents make no argument—and cite no authority

to establish—that such evidence is needed. Therefore, we do not address the merits of this alleged error and deem it abandoned. *See* N.C. R. App. P. 28(6) (2011) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.")

Second, Respondents argue Petitioner has not offered sufficient evidence that Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 was the holder of the Note and, thus, the party entitled to proceed with the foreclosure action. We agree.

Respondents note the third and final assignment on the Allonge was made to "Deutsche Bank Trust Company Americas as Trustee," which is not the party asserting a security interest in Respondents' property; this action was brought by Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6, the entity the trial court found to be the owner and holder of the Note. Section 3-110 of the UCC, as codified in our General Statutes, states in pertinent part:

> For the purpose of determining the *holder* of an instrument, the following rules apply:
>
> . . . .
>
> (2) If an instrument is payable to (i) a trust, an estate, *or a person described as trustee* or representative of a trust or estate, the instrument is *payable to the trustee*, the representative, or a successor of either, whether or not the beneficiary or estate is also named . . . .

N.C. Gen. Stat. § 25-3-110(c) (2009) (emphasis added). Additionally, the official comments to this section of the UCC state, in part, "This provision merely determines who can deal with an instrument as a holder. It does not determine ownership of the instrument or its proceeds." *Id.* § 25-3-110, Official Comment 3.

In the present case, the Note is clearly indorsed "PAY TO THE ORDER OF Deutsche Bank Trust Company Americas as Trustee." Thus, pursuant to section 25-3-110(c)(2), the Note is payable to Deutsche Bank Trust Company Americas as Trustee. *See Id.* Because the indorsement does not identify Petitioner and is not indorsed in blank or to bearer, it cannot be competent evidence that Petitioner is the holder of the Note. *See* N.C. Gen. Stat. § 25-1-201(b)(21) (defining "holder" as "[t]he person in possession of a negotiable instrument

that is *payable either to bearer or to an identified person that is the person in possession");* Econo-Travel Motor Hotel Corp., 301 N.C. at 204, 271 S.E.2d at 57 (concluding that where the defendants produced a copy of the note indorsed to an entity other than the plaintiff, the "defendants established that plaintiff was not the owner or holder of the note").

In addition to the Note and Allonge, Petitioner points to two affidavits provided by two GMAC Mortgage employees as further evidence that the trial court's findings are based on sufficient competent evidence. Again, we disagree.

The first affidavit is an Affidavit of Indebtedness by Jeffrey Stephan ("Stephan").[2] In his affidavit, Stephan averred, *inter alia*, he was a limited signing officer for GMAC Mortgage, the sub-servicer of Mr. Gilbert's loan, and as such, was "familiar with the books and records of [GMAC Mortgage], specifically payments made pursuant to the Note and Deed of Trust." Accordingly, Stephan testified as to the principal amount of Mr. Gilbert's loan and to his history of loan payments. Stephan further testified that after the Note and Deed of Trust were executed they were "delivered" to the original lender, First National Bank of Arizona; the original lender then "assigned and transferred all of its right, title and interest" to First National Bank of Nevada, which, in turn, assigned all its rights, title, and interest in the instruments to Residential Funding Corporation. The final assignment to which Stephan averred is an assignment and securitization of the Note and Deed of Trust from Residential Funding Corporation to "Deutsche Bank Trust Company Americas as Trustee." Stephan then makes the conclusory statement, "Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 is the current owner and holder of the Note and Deed of Trust described herein."

---

2. This Court finds troubling that GMAC Mortgage, LLC was recently found to have submitted a false affidavit by Signing Officer Jeffrey Stephan in a motion for summary judgment against a mortgagor in the United States District Court of Maine. Judge John H. Rich, III concluded that GMAC Mortgage submitted Stephan's false affidavit in bad faith and levied sanctions against GMAC Mortgage, stating:

[T]he attestation to the Stephan affidavit was not, in fact, true; that is, Stephan did not know personally that all of the facts stated in the affidavit were true. . . . GMAC [Mortgage] was on notice that the conduct at issue here was unacceptable to the courts, which rely on sworn affidavits as admissible evidence in connection with motions for summary judgment. In 2006, an identical jurat signed under identical circumstances resulted in the imposition of sanctions against GMAC [Mortgage] in Florida.

James *v. U.S. Bank Nat. Ass'n*, 272 F.R.D. 47, 48 (D. Me. 2011).

Whether Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 is the owner and holder of the Note and Deed of Trust is a legal conclusion that is to be determined by a court of law on the basis of factual allegations. As such, we disregard Stephan's conclusion as to the identity of the "owner and holder" of the instruments. *See Lemon v. Combs*, 164 N.C. App. 615, 622, 596 S.E.2d 344, 349 (2004) (" 'Statements in affidavits as to opinion, belief, or conclusions of law are of no effect.' " (quoting 3 Am. Jur. 2d, *Affidavits* § 13 (2002))); *see also Speedway Motorsports Int'l Ltd. v. Bronwen Energy Trading, Ltd.*, —— N.C. App. ——, —— n.2, —— S.E.2d ——, —— n.2, slip op. at 12 n.2, No. 09-1451 (Feb. 15, 2011) (rejecting a party's contention that this Court must accept as true all statements found in the affidavits in the record, stating, "our standard of review does not require that we accept a witness' characterization of what 'the facts' mean"). While Stephan referred to a Pooling and Servicing Agreement ("PSA") that allegedly governs the securitization of the Note to Deutsche Bank Trust Company Americas as Trustee, the PSA was not included in the record and will not be considered by this Court. *See* N.C. R. App. P. 9(a) (2011) ("In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9.") The record is void of any evidence the Note was assigned and securitized to a trust.

We also note that Stephan alleged no facts as to who possesses Mr. Gilbert's note, other than his averment that the Note was "delivered" to the original lender, First National Bank of Arizona. Stephan referred to a statement made by counsel for GMAC Mortgage that the original Note "would be brought to the foreclosure hearing," but he did not provide any facts from which the trial court could determine who has possession of the Note. As demonstrated by *Connolly*, discussed above, production of a note at trial is not conclusive evidence of possession. 63 N.C. App. at 551, 306 S.E.2d at 125. Thus, we conclude Stephan's affidavit is not competent evidence to support the trial court's conclusion that Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 is the owner and holder of Mr. Gilbert's note.

Petitioner also provided the affidavit of Scott Zeitz ("Zeitz"), who alleged in his affidavit to be a litigation analyst for GMAC Mortgage. Zeitz's basis for his affidavit testimony is that he works with "the documents that relate to account histories and account balances of par-

ticular loans" and that he is familiar with Mr. Gilbert's account. Accordingly, Zeitz testified to the details of Mr. Gilbert's loan and the terms of the Note. Zeitz's affidavit, substantially similar to the affidavit of Jeffrey Stephan, also averred to the transfer of the Note and Deed of Trust through the series of entities indicated on the Allonge, stating in part:

> Residential Funding Corporation sold, assigned and transferred all of its right, title and interest in and to the Note and Deed of Trust to Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6. *This is reflected on the Allonge to the Note, a true and accurate copy of which is attached* and incorporated hereto as EXHIBIT 5. (Emphasis added.)

This statement is factually incorrect; the Allonge in the record contains no indorsement to Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6. Zeitz further stated that "Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 is the current owner and holder of the Note and Deed of Trust." This statement is a legal conclusion postured as an allegation of fact and as such will not be considered by this Court. *See Lemon*, 164 N.C. App. at 622, 596 S.E.2d at 349.

Unlike Jeffrey Stephan, Zeitz stated that Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 "has possession of the original Note and Deed of Trust." We note, however, that "[w]hen an affiant makes a conclusion of fact, it must appear that the affiant had an opportunity to observe and did observe matters about which he or she testifies." *Lemon*, 164 N.C. App. at 622, 596 S.E.2d at 348-49 (quoting 3 Am. Jur. 2d *Affidavits* § 13) (internal quotation marks omitted). Moreover,

> [t]he personal knowledge of facts asserted in an affidavit is not presumed from a mere positive averment of facts but rather the court should be shown how the affiant knew or could have known such facts and if there is no evidence from which an inference of personal knowledge can be drawn, then it is presumed that such does not exist.

*Id.* at 622-23, 596 S.E.2d at 349 (quoting 3 Am. Jur. 2d *Affidavits* § 14, *cited with approval in Currituck Associates Residential P'ship v. Hollowell*, 170 N.C. App. 399, 403-04, 612 S.E.2d 386, 389 (2005)). Thus, while Zeitz concluded as fact that Deutsche Bank Trust

Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 has possession of the Note, his affidavit provides no basis upon which we can conclude he had personal knowledge of this alleged fact. Because of these deficiencies, we conclude that neither the affidavit of Jeffrey Stephan nor the affidavit of Scott Zeitz is competent evidence to support the trial court's finding that Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 is the owner and holder of Mr. Gilbert's note.

## III. Conclusion

We conclude the record is lacking of competent evidence sufficient to support that Petitioner is the owner and holder of Mr. Gilbert's note and deed of trust. The trial court erred in permitting the Substitute Trustee to proceed with foreclosure proceedings and its order is

Reversed.

Judges McGEE and BEASLEY concur.