**BUSIK v. N.C. COASTAL RES. COMM'N**

[230 N.C. App. 148 (2013)]

KEVAN BUSIK, Petitioner
v.
NORTH CAROLINA COASTAL RESOURCES COMMISSION; NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES, NORTH CAROLINA DIVISION OF COASTAL MANAGEMENT, Respondents and 1118 LONGWOOD AVENUE REALTY CORPORATION, Respondent-Intervenor

No. COA12-1491

Filed 5 November 2013

1. **Environmental Law—Coastal Area Management Act—oceanfront construction setbacks—regulatory interpretation**

   The trial court did not err in a case involving the interpretation and application of certain rules governing oceanfront construction setbacks contained in 15A NCAC 7H. 0306 by concluding, as a matter of law, that there was no error in applying a 60-foot setback from the ocean's vegetation line. This interpretation comported with the plain meaning of the regulations.

2. **Appeal and Error—argument moot**

   Petitioner's argument the North Carolina Coastal Resources Commission's (Commission) interpretation of 15A NCAC 7H. 0306 was not entitled to deference as a matter of law "because it [was] erroneous" was moot where the Court of Appeals determined that the Commission's application of the regulations was consistent with the plain meaning of the text.

3. **Administrative Law—North Carolina Coastal Resources Commission—review of administrative law judge's decision—changes to legal conclusions**

   The North Carolina Coastal Resources Commission (Commission) did not err in its review of an administrative law judge's (ALJ) decision by adopting certain new findings of fact and striking other findings of fact instead of remanding the matter back to the ALJ, as required by N.C.G.S. § 150B-36(d). The Commission made changes to legal conclusions and not factual findings.

Appeal by Petitioner from order and judgment entered 20 April 2012 by Judge James Gregory Bell in Brunswick County Superior Court. Heard in the Court of Appeals 5 June 2013.

*Shanklin & Nichols, LLP, by Kenneth A. Shanklin, and Cynthia W. Baldwin, for Petitioner.*

BUSIK v. N.C. COASTAL RES. COMM'N

[230 N.C. App. 148 (2013)]

*Attorney General Roy Cooper, by Special Deputy Attorney General Mary L. Lucasse and Assistant Attorney General Christine A. Goebel, and Wessell & Raney, LLP, by William A. Raney, Jr., for Respondents and Respondent-Intervenor.*

DILLON, Judge.

Petitioner appeals from an order in which the trial court concluded, as a matter of law, that there was no error in applying a 60-foot setback from the ocean's vegetation line, instead of a 120-foot setback, in connection with a proposed development. We affirm the order of the trial court.

## I. Background and Procedural History

This matter involves a dispute regarding the interpretation and application of certain rules governing oceanfront construction setbacks as contained in 15A NCAC 7H. 0306 (the "Setback Rules") to the proposed development of a single-family residence and appurtenant structures (the "Proposed Development") on an oceanfront lot located on Bald Head Island (the "Property"). The portions of the Setback Rules relevant to the issues in this case provide, in part, that "[a] building or structure less than 5,000 square feet requires a minimum setback [from the ocean's vegetation line] of 60 feet" and that "[a] building or structure [between] 5,000 square feet [and] 10,000 square feet requires a minimum setback of 120 feet[.]" 15A NCAC 7H. 0306(a)(2)(A)-(B) (2010). The central issue is whether the Setback Rules require that the Proposed Development is subject to a setback distance from the ocean vegetation line of 60 feet or of 120 feet.

The Property is owned by 1118 Longwood Avenue Realty Corporation ("Longwood"). Longwood's Proposed Development consists of a 4,292 square-foot single-family residence; a 586 square-foot crofter/garage apartment; a 150 square-foot elevated mechanical platform; and a 800 square-foot raised deck parking area. Because of the location of the Proposed Development, Longwood was required to obtain a Minor Development Permit (the "CAMA Permit")[1] from the North Carolina Coastal Resources Commission (the "Commission") to ensure, in part, that the Proposed Development complied with the Setback Rules. Since no structure within the Proposed Development was to exceed 5,000

---

1. "CAMA" refers to the Coastal Area Management Act. N.C. Gen. Stat. § 113A-100, *et seq.*

square feet, Longwood sought the CAMA Permit based on a setback of 60 feet.

On 16 April 2010, the CAMA Local Permit Officer (the "LPO") for Bald Head Island[2] issued the CAMA Permit to Longwood for the Proposed Development, requiring a setback of 60 feet from the ocean vegetation line, based on her interpretation of the Setback Rules.

On 6 December 2010, Kevan Busik ("Petitioner"), who owns a single-family residence on the lot next to the Property, filed a contested case hearing in the Office of Administrative Hearings ("OAH") against the Commission, arguing that the LPO should have issued a permit requiring a setback of 120 feet from the vegetation line since the *combined* size of the four structures within the Proposed Development would exceed 5,000 square feet.[3] As the permittee, Longwood was allowed to intervene. Sometime thereafter, both Petitioner and the Commission filed motions for summary judgment with the Administrative Law Judge (the "ALJ").

On 1 July 2011, the ALJ entered an Order and Decision granting Petitioner's Motion for Summary Judgment, concluding that, as a matter of law, the LPO acted erroneously in not including all proposed appurtenances in her determination of the setback required by the Setback Rules and that, therefore, the Proposed Development is subject to a setback of 120 feet, rather than 60 feet. According to the law in effect at the time, the ALJ was required to submit his recommended decision, including findings of fact and conclusions of law, to the Commission, who was responsible for making the final decision.

On 21 October 2011, the Commission issued its Final Agency Decision reversing the decision of the ALJ and concluding, as a matter of law, that the LPO did *not* err in issuing the Permit requiring a setback of 60 feet. From this Final Agency Decision, Petitioner filed a Petition for Judicial Review with the Brunswick County Superior Court.

On 20 April 2012, the Superior Court issued its Order and Judgment agreeing with the decision of the Commission and concluding, as a

2. The Proposed Development is a "minor development" as defined in N.C. Gen. Stat. § 113A-118 (2011). A CAMA permit may be issued for a minor development under an expedited procedure "from the appropriate city or county[,]" as was done here. N.C. Gen. Stat. § 113A-118(b) (2011).

3. Petitioner had initially sought to file a contested case hearing with the North Carolina Coastal Resource Commission regarding this matter, a request which was denied by the Commission. However, on appeal, the Superior Court reversed the Commission's decision and granted Petitioner's right to file a contested case hearing.

matter of law, that the LPO did not err in applying a 60-foot setback in connection with the Proposed Development. From this Order and Final Judgment, Petitioner appeals to this Court.

## II. Analysis

On appeal, Petitioner argues (1) that the Superior Court erred in its interpretation of the Setback Rules, (2) that the Commission's interpretation of the Setback Rules is not entitled to deference and (3) that there are disputed issues of fact that make the entry of summary judgment improper.

### A. Interpretation of Setback Rules

[1] The Setback Rules were established by the Commission pursuant to its authority granted under the Coastal Area Management Act of 1974 ("CAMA"). N.C. Gen. Stat. § 113A-100, *et seq.* Specifically, the Legislature mandated that the Commission "be responsible for the preparation, adoption, and amendment of the State guidelines" regarding, *inter alia,* standards to be followed in the development of certain land within the coastal area. N.C. Gen. Stat. § 113A-107(b). Pursuant to its authority, the Commission has promulgated certain rules pertaining to coastal development, primarily found in Title 15A, Chapter 7 of the North Carolina Administrative Code. The Setback Rules are found in 15A NCAC 07H .0306 and state as follows:

> (a) In order to protect life and property, all development not otherwise specifically exempted or allowed by law or elsewhere in the CRC's Rules shall be located according to whichever of the following is applicable:
>
> (1) The ocean hazard setback for development is measured in a landward direction from the vegetation line, the static vegetation line or the measurement line, whichever is applicable. The setback distance is determined by both the size of development and the shoreline erosion rate as defined in 15A NCAC 07H .0304. Development size is defined by total floor area for structures and buildings or total area of footprint for development other than structures and buildings. Total floor area includes the following:
>
> (A) The total square footage of heated or air-conditioned living space;
>
> (B) The total square footage of parking elevated above ground level; and

(C) The total square footage of non-heated or non-air-conditioned areas elevated above ground level, excluding attic space that is not designed to be load bearing.

Decks, roof-covered porches and walkways are not included in the total floor area unless they are enclosed with material other than screen mesh or are being converted into an enclosed space with material other than screen mesh.

*Id.*

15A NCAC 07H .0306 further states the following:

(2) With the exception of those types of development defined in 15A NCAC 07H .0309, no development, including any portion of a building or structure, shall extend oceanward of the ocean hazard setback distance. This includes roof overhangs and elevated structural components that are cantilevered, knee braced, or otherwise extended beyond the support of pilings or footings. The ocean hazard setback is established based on the following criteria:

(A) A building or other structure less than 5,000 square feet requires a minimum setback of 60 feet or 30 times the shoreline erosion rate, whichever is greater;

(B) A building or other structure greater than or equal to 5,000 square feet but less than 10,000 square feet requires a minimum setback of 120 feet or 60 times the shoreline erosion rate, whichever is greater;[4]

*Id.*

Petitioner argues that based on certain phrases in subsection (1) of the Setback Rules – most notably the provision that the setback distance shall be determined "by the size of development" and the provision defining "total floor area" – the plain meaning of the Setback Rules is that all structures within a development are to added together to determine the required setback distance.

---

4. In addition to parts (A) and (B), subsection (2) contains nine other parts regarding setback requirements for buildings larger than 10,000 square feet as well as for parking lots and other infrastructure. 15A NCAC 07H .0306(2)(C) through (2)(K).

The Commission's stance and Longwood's argument is that the language of subsection (1) is merely meant to describe what portions of a particular structure are to be included when determining its square footage and that the plain language of subsection (2) is clear that the setback distance is to be applied separately for each "building or structure."

After carefully reviewing the text of the Setback Rules, we agree with the interpretation propounded by Longwood and adopted by the Commission. The portion of the Setback Rules which sets forth the actual setback distances is provided by subsection (2). The plain reading of subsection (2)(A) — which provides that "[a] building or structure less than 5,000 square feet requires a minimum setback of 60 feet" — and of subsection (2)(B) — which provides that "[a] building or other structure [between 5,000 and 10,000 square feet] requires a minimum setback of 120 square feet" — is that the setback criteria is based on the size of the individual building or structure involved. 15A NCAC 07H .0306; *see also HCA Crossroads Residential Ctrs. v. North Carolina Dep't of Human Resources,* 327 N.C. 573, 578, 398 S.E.2d 466, 470 (1990) (stating that "a statute must be construed, if possible, to give meaning and effect to all of its provisions"). If the Commission had intended that the required setback distance for a project with multiple structures be calculated by adding the square footage of all the structures, it could easily have employed the phrase "a development" or "a development project" in subsection (2)(A) and (2)(B). However, the Commission chose to employ the phrase "[a] building or other structure." 15A NCAC 07H .0306(2)(A) and (2)(B).

Further, we believe the Commission's decision to base the required setback for any development, in part, on the size of each building or structure is consistent with CAMA's goal to "provide a management system capable of preserving and managing the natural ecological conditions of the . . . barrier dune system, and the beaches, so as to safeguard and perpetuate their natural productivity and their biological, economic and esthetic values." N.C. Gen. Stat. § 113A-102(b)(1) (2011). In other words, we believe it is consistent with the goals of CAMA that the Commission promulgate rules requiring larger structures to be farther from the shoreline.

We also believe that the interpretation propounded by Petitioner could lead to inconsistent results. For instance, if a developer sought a CAMA permit to build five 1,000 square-foot rental homes on a single 5-acre tract of land, he would have to build each home 120 feet from the ocean vegetation line, since the size of the "development" would be 5,000 square feet. However, if he obtained approval from the town to

subdivide his land into five 1-acre lots, then he could apply for five separate CAMA permits and build five 4,999 square-foot homes, each with only a 60-foot setback.

### B. Commission Deference

**[2]** Petitioner next argues that the Commission's interpretation of the Setback Rules is not entitled to deference as a matter of law "because it is erroneous." Petitioner cites our Supreme Court for the proposition that "courts consider, but are not bound by, the interpretations of administrative agencies and boards." *Morris Communications Corp. v. City of Bessemer City Zoning Bd. of Adjustment*, 365 N.C. 152, 156, 712 S.E.2d 868, 871 (2011). However, because we hold that the Commission applied the Setback Rules consistent with the plain meaning of the text, Petitioner's argument is moot.

### C. Appropriateness of Summary Judgment

**[3]** In his final argument, Petitioner contends that the Commission erred in its review of the ALJ's decision. Petitioner contends that the Commission did not follow the procedure set forth in N.C. Gen. Stat. § 150B-36(d) by not remanding the matter back to the ALJ, but instead electing to adopt certain new findings of fact and strike other findings of fact. N.C. Gen. Stat. § 150B-36 (2011) (Repealed by 2011 N.C. Sess. Laws ch. 398, § 20).[5] Under the former N.C. Gen. Stat. § 150B-36(d), where an ALJ grants summary judgment in a contested case, "[i]f the agency does not adopt the [ALJ's] decision, it shall set forth the basis for failing to adopt the decision and shall remand the case to the [ALJ] for hearing." *Id.*

Specifically, Petitioner argues that the Commission "revamped" the ALJ's findings of fact 11, 12, 13, 16 and 30 without remanding the matter for a contested hearing regarding those findings. However, we have carefully reviewed the changes made by the Commission and conclude

---

5. 2011 N.C. Sess. Laws ch. 398, § 63, as amended by 2012 N.C. Sess. Laws ch. 187, § 8.1, provides in relevant part: "Sections 15 through 55 of this act become effective January 1, 2012, and apply to contested cases commenced on or after that date. With regard to contested cases affected by Section 55.2 of this act, the provisions of Sections 15 through 27 of this act become effective when the United States Environmental Protection Agency approvals referenced in Section 55.2 have been issued or October 1, 2012, whichever occurs first. With regard to contested cases affected by Section 55.1 of this act, the provisions of Sections 15 through 27 and Sections 32 and 33 of this act become effective when the waiver referenced in Section 55.1 has been granted or February 1, 2013, whichever occurs first. Unless otherwise provided elsewhere in this act, the remainder of this act is effective when it becomes law."

that the changes were, rather, of legal conclusions. For instance, the Commission's changes to findings of fact 11, 12, and 13 relate to whether to include the square footage of "appurtenances" within the square footage calculation under the Setback Rules. Also, in finding of fact 16, the Commission merely added a portion of the Setback Rules to this finding.[6] *See N.C. Farm Bureau Mut. Ins. Co. v. Cully's Motorcross Park, Inc.*, __ N.C. __, __, 742 S.E.2d 781, 789 (2013) (stating that "plaintiff did not challenge the trial court's findings of fact *as findings of fact*; rather, plaintiff challenged what the trial court labeled 'findings of fact,' . . . [and] [i]n essence, plaintiff challenged the trial court's conclusions of law"); *In re Foreclosure by David A. Simpson, P.C.*, 211 N.C. App. 483, 487-88, 711 S.E.2d 165, 169 (2011) (stating that "[w]hen this Court determines that findings of fact and conclusions of law have been mislabeled by the trial court, we may reclassify them, where necessary, before applying our standard of review").

## III. Conclusion

Based on the foregoing, we affirm the 20 April 2012 Order and Judgment of the trial court affirming the Commission's Final Agency Decision.

AFFIRMED.

Judge BRYANT and Judge STEPHENS concur.

---

6. It is unclear the nature of Petitioner's argument as it relates to the Commission's finding of fact 30. Petitioner included as an exhibit to his brief a copy of the Commission's decision with the changes to the ALJ's findings noted. However, Petitioner does not argue the nature of any of the changes; and, further, it is not apparent from the Commission's decision attached to Petitioner's brief that the Commission actually made any change to the ALJ's finding of fact 30.