An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1015

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

In the Matter of the
Foreclosure of a Deed of
Trust Executed by Fabio Lopez
and Kathleen Englund Lopez,
dated November 28, 2007 and
recorded in Book 2878 at Page 1574
in the Catawba County Public
Registry, North Carolina.

Catawba County
No. 11 SP 841

Appeal by respondents from order entered 29 April 2013 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 21 January 2014.

*SHAPIRO & INGLE, LLP, by Jason K. Purser, for petitioner-appellee.*

*FERIKES & BLEYANT, PLLC, by H. Gregory Johnson, for respondents-appellants.*

ELMORE, Judge.

Fabio Lopez and his wife Kathleen Englund Lopez (respondents) appeal from the trial court's order authorizing U.S. Bank National Association (petitioner or U.S. Bank), as

substitute trustee, to proceed with foreclosure under a power of sale on the deed of trust recorded in Book 2878 at Page 1574 in the Catawba County Register of Deeds.  We affirm.

## I.  **Background**

On 29 November 2007, Fabio Lopez executed an adjustable rate promissory note (the Note) to purchase a second home located at 6977 Golden Bay Court, Sherrils Ford, North Carolina 28673.  According to the terms of the Note, Mr. Lopez promised to pay a principal amount of $527,200.00 plus interest to Wells Fargo Bank, National Association (Wells Fargo).  The Note was secured by a deed of trust, executed by respondents on 28 November 2007.

On or about 1 May 2011, respondents ceased paying on the Note.  Wells Fargo sent a forty-five day pre-foreclosure notice to respondents on 24 July 2011.  In October 2011, Wells Fargo, through its substitute trustee, filed this foreclosure action after respondents failed to make timely payments.  Prior to the initial foreclosure proceeding, Wells Fargo sold the loan and transferred possession of the Note to U.S. Bank.  Respondents were notified by Rushmore Loan Management Services LLC (Rushmore) that the servicing of their loan had been assigned,

sold, or transferred from Marix Servicing LLC to Rushmore and that the new creditor was U.S. Bank effective May 2012.

On 13 November 2012, the matter came on for hearing before the Catawba County Clerk of Court. The Clerk entered an order authorizing U.S. Bank, as legal title trustee, to foreclose on the subject property pursuant to N.C. Gen. Stat. § 45-21.16. Respondents appealed.

The appeal was originally calendared for a *de novo* hearing in Catawba County Superior Court on 25 March 2013. However, Judge Timothy S. Kincaid granted respondents' motion for continuance and subsequently moved the matter to the 22 April 2013 court session. On 11 April 2013, Mr. Lopez wrote the Catawba County Clerk of Court to request a second continuance on the basis that he had a scheduling conflict. On 19 April 2013, the Friday before the hearing, Mr. Lopez wrote directly to Judge Richard Boner to request a continuance. There is no evidence that Judge Boner received the letter and ruled on Mr. Lopez's motion.

Respondents failed to appear at the 22 April hearing. As such, there is no transcript of this proceeding. The record reflects that counsel for U.S. Bank presented the trial court with the subject Note, the deed of trust, the appointment of

substitute trustee, and the affidavit of default executed by Rose Lara, officer of Rushmore and servicer for U.S. Bank (the Lara affidavit). Pursuant to N.C. Gen. Stat. § 45-21.16(d), Judge Kincaid found: (1) a valid debt, (2) default by respondents, (3) proper notice of the foreclosure proceeding, and (4) U.S. Bank was the holder of the Note. As such, he entered an order permitting foreclosure on 29 April 2013.

## II. **Analysis**

### A. **Preservation of Appeal**

As a preliminary matter we must determine whether we may hear respondents' appeal. Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure generally requires a party to object at trial in order to preserve an issue for appeal. N.C.R. App. P. 10(a)(1) (2013). Respondents could not object to the entry of evidence at the hearing because they were not there. Petitioner argues that a dismissal is warranted because respondents failed to preserve any error for appeal. We agree that respondents failed to preserve their right to challenge the entry of specific evidence. However, Rule 10(a)(1) contains an exception for an issue "which by rule or law was deemed preserved or taken without any such action, including, but not limited to, whether the judgment is supported by the verdict or

by the findings of fact and conclusions of law[.]" N.C.R. App. P. 10(a)(1). Thus, we are limited to determining whether error appears on the face of the record; we will not re-weigh evidence or address unpreserved issues.

## B. Note "Holder"

In a foreclosure by power of sale, the trial court shall enter an order permitting foreclosure upon finding: "(i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, [and] (iv) notice to those entitled[.]" N.C. Gen. Stat. § 45-21.16(d) (2013). Here, respondents challenge the first element of N.C. Gen. Stat. § 45-21.16(d) on the basis that U.S. Bank failed to produce competent evidence that it was the current holder of a valid debt. "This issue is a question of law controlled by the UCC [Uniform Commercial Code], as adopted in Chapter 25 of the North Carolina General Statutes." *In re Bass*, 366 N.C. 464, ___, 738 S.E.2d 173, 176 (2013). We conclude that the trial court did not err.

When determining whether a party is the holder of a valid debt, we must find (1) competent evidence of a valid debt, and (2) that the party seeking to foreclose is the current holder of the Note. *In re Adams*, 204 N.C. App. 318, 321-22, 693 S.E.2d

705, 709 (2010) (citations and quotations omitted). As respondents concede that a valid debt exists, we need only discern whether petitioner is the current note holder. The term "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." N.C. Gen. Stat. § 25-1-201(b)(21)(a) (2013). The term "bearer" is defined as "a person in control of a negotiable electronic document of title or a person in possession of a negotiable instrument, negotiable tangible document of title, or certificated security that is payable to bearer or indorsed in blank." N.C. Gen. Stat. § 25-1-201(b)(5) (2013). There is a strong presumption in favor of the legitimacy of indorsements to protect the transfer of negotiable instruments "by giving force to the information presented on the face of the instrument." *Bass*, 366 N.C. at ___, 738 S.E.2d at 176.

On appeal, the crux of respondents' argument is that U.S. Bank failed to supplement the Lara affidavit with documentation adequately "proving that it was the legal owner and holder" of the Note. Respondents aver that "a party must prove that it is both the *owner and holder* of the promissory note" before it has the right to foreclose on a negotiable instrument. Respondents

ask: "Was the note sold or transferred to US [sic] Bank? Or to US Bank as legal title trustee? And, if as legal title trustee, for what trust? Does that trust have the legal capacity to hold this note and deed of trust? Does the legal title trustee have the legal authority to pursue the foreclosure?" Respondents conclude: "Nothing in the Lara affidavit or attached exhibits address these essential legal questions." Further, respondents challenge the indorsement on the Note, namely because the face of the instrument shows a blank indorsement that has been crossed out or voided, leaving a second, undated, blank indorsement. Respondents contend, "[t]hese [i]ndorsements fail to demonstrate when the alleged sale or transfer occurred and to whom the transfer was intended." Finally, respondents aver: "There is no evidence in the record that the original note was in fact presented to the trial court at any appeal hearing."

We briefly address each of these concerns in turn. First, there is no statutory requirement that the note holder must also demonstrate that he is the note "owner." Accordingly, we disregard any argument pertaining to whether U.S. Bank "purchased" the Note or "owns" it as such argument is irrelevant to this issue. Second, this Court is not charged with answering rhetorical questions unnecessarily. We note that Rule 10(a)(1)

prohibits respondents from challenging the sufficiency of the Lara affidavit because the issue was not preserved by objection at the hearing. *See* N.C. App. P. Rule 10(a)(1) (2013). Third, respondents cite no authority to support their position that the indorsement in blank that is not marked through is a nullity because a voided indorsement in blank also appears on the face of the instrument. Although respondents could have raised this issue at the hearing, they did not. Finally, the 29 April 2013 order permitting foreclosure explicitly states that "various documents were provided including the subject Promissory Note[] [and] the Deed of Trust[.]" Thus, respondents' argument that the trial court was never presented with the Note is without merit.

## C. **Review of the Record**

Generally, whenever this Court has held that possession of the original promissory note is insufficient to show that the person in possession is the "holder," the note was either (1) not drawn, issued, or indorsed to the party, to bearer, or in blank, or (2) the trial court neglected to make a finding in its order as to which party had possession of the note at the hearing. *See e.g. In re David A. Simpson, P.C.*, 211 N.C. App.

483, 485, 711 S.E.2d 165, 168 (2011). Neither situation applies in the present case.

Here, respondents concede that the Note was endorsed in blank. Further, given that U.S. Bank was the only party who made an appearance at the hearing, and because the trial judge received the Note into evidence, an inference can be made that U.S. Bank was in possession of the Note, making it the "bearer." Thus, U.S. Bank satisfied the definition of "holder." *See* N.C. Gen. Stat. § 25-1-201(b)(21)(a).

Additionally, U.S. Bank offered evidence that it was the Note holder through the Lara affidavit. The trial court may exercise its sound discretion in receiving documents into evidence, and appellate review is limited to a determination of whether there was a clear abuse of discretion. *Id.* at 488, 711 S.E.2d at 170. Ms. Lara testified that based on her personal knowledge: "The Note bears an [i]ndorsement from Wells Fargo to blank[;]" "Wells Fargo sold the Loan and transferred possession of the Note to U.S. Bank[;]" and "U.S. Bank has remained in possession of the Note." Upon review, we see no reason to find that the trial court abused its discretion in admitting the Lara affidavit.

## II. <u>Conclusion</u>

We are satisfied that the record contains competent evidence to support the trial court's conclusion that U.S. Bank was the current holder of a valid debt. Accordingly, the trial court did not err in ordering U.S. Bank to proceed with foreclosure pursuant to N.C. Gen. Stat. § 45-21.16(d) (2013). We affirm.

Affirmed.

Judges McGEE and HUNTER, Robert C., concur.

Report per Rule 30(e).