McGEE, Chief Judge.
Respondent-Appellant Mother ("Mother") appeals from orders ceasing reunification efforts and terminating her parental rights to J.G.R., D.N.R., and F.S.R. ("the children"). We affirm.
The Wilkes County Department of Social Services ("DSS") filed juvenile petitions on 10 April 2012 alleging the children were neglected. In an order entered 23 July 2012, the children were adjudicated neglected. A permanency planning hearing was held on 9 September 2013. In an order entered 22 October 2013, the trial court relieved DSS of further efforts toward reunification with the parents and approved a permanent plan of adoption. Mother gave notice of her intent to preserve her right to appeal from the order ceasing reunification efforts.
DSS filed petitions on 21 November 2013, alleging the following four grounds to terminate Mother's parental rights to each of the children: (1) neglect; (2) failure to make reasonable progress; (3) failure to pay a reasonable portion of the cost of care for six months prior to the filing of the petition; and (4) abandonment.[1] SeeN.C. Gen.Stat. § 7B-1111(a)(1)-(3), (7) (2013). The trial court held a termination of parental rights hearing on 8 May 2014. In an order dated 26 August 2014, the trial court concluded that grounds existed to terminate Mother's parental rights under N.C.G.S. § 7B-1111(a)(1) (neglect) and § 7B-1111(a)(2) (failure to make reasonable progress). The trial court also concluded that termination of Mother's parental rights was in the children's best interests. Mother appeals.
Mother's counsel has filed a no-merit brief on Mother's behalf in which counsel states she has conducted a "conscientious and thorough review of the record and underlying trial court material" and "has concluded that the record contains no issue of merit on which to base an argument for relief and that the appeal is frivolous pursuant to N.C. R.App. P. 3.1(d)." Pursuant to N.C.R.App. P. 3.1(d), Mother's counsel requests that this Court conduct an independent examination of the case. In accordance with N.C.R.App. P. 3.1(d), counsel wrote a letter to Mother on 6 February 2015 advising Mother of counsel's inability to find reversible error in the trial court's order, of counsel's request for this Court to conduct an independent review of the record, and of Mother's right to file her own arguments directly with this Court within thirty days of the date of the filing of the no-merit brief. Counsel attached to the letter a copy of the trial transcript and counsel's brief. Counsel previously had provided Mother with a copy of the record on appeal. Mother has not filed her own written arguments.
In addition to seeking review pursuant to N.C.R.App. P. 3.1(d), counsel directs our attention to three potential issues. First, she contends the trial court did not make proper "findings of fact" to support its order ceasing reunification efforts, but she concedes the issue lacks merit because the trial court made corresponding "conclusions of law" that satisfied the statutory requirements for ceasing reunification efforts under N.C. Gen.Stat. § 7B-507. See In re Foreclosure of Gilbert,211 N.C.App. 483, 487-88, 711 S.E.2d 165, 169 (2011) ("When this Court determines that findings of fact and conclusions of law have been mislabeled by the trial court, we may reclassify them, where necessary[.]") Second, counsel contends the trial court did not make sufficient findings of fact to support the termination of Mother's parental rights under N.C.G.S. § 7B-1111(a)(1) (neglect), but she concedes that grounds existed to terminate Mother's parental rights under N.C.G.S. § 7B-1111(a)(2) (failure to make reasonable progress). See In re Humphrey,156 N.C.App. 533, 540, 577 S.E.2d 421, 426 (2003) ("A finding of any one of the enumerated grounds for termination of parental rights under N.C.G.S. 7B-1111 is sufficient to support a termination."). Finally, counsel contends the evidence would not support a finding that F.S.R. would likely be adopted, but she notes that the trial court did make findings with respect to F.S.R.'s lack of prospects for adoption and concedes that "a finding [of adoptability] is not required in order to terminate parental rights." See In re Norris,65 N.C.App. 269, 275, 310 S.E.2d 25, 29 (1983).
After carefully reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's orders. The trial court's findings of fact support at least one ground for termination, and the trial court did not abuse its discretion in determining that termination was in the children's best interests. N.C. Gen.Stat. §§ 7B-1110, -1111 (2013). Accordingly, we affirm the order ceasing reunification efforts and the order terminating Mother's parental rights.
AFFIRMED.
Judges STEPHENS and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by Respondent-Mother from order entered 22 October 2013 by Judge David V. Byrd and order dated 26 August 2014 by Judge Jeanie R. Houston in District Court, Wilkes County. Heard in the Court of Appeals 8 June 2015.

The petition filed as to J.G.R. alleged an additional ground as to the child's father, who is not a party to this appeal.