JOY I. SMATHERS v. ALAN D. SMATHERS AND JOSEPHINE H. SMATHERS AND JOY I. SMATHERS v. ALAN D. SMATHERS AND JOSEPHINE H. SMATHERS

No. 7730DC86

(Filed 21 December 1977)

Uniform Commercial Code § 26— notes payable to order of another—absence of indorsement by payee—burden of showing ownership

    The trial court erred in finding as a matter of law that plaintiff is the "owner and holder" of notes made payable to the order of another where the notes had not been indorsed by the payee, the burden being on plaintiff to establish that she is the transferee of the notes and thus under G.S. 25-3-201(1)· has such rights as her transferor had therein. G.S. 25-1-201(20).

APPEAL by defendants from *McDarris, Judge.* Judgment entered 29 October 1976 in District Court, HAYWOOD County. Heard in the Court of Appeals 15 November 1977.

In separate actions plaintiff seeks to recover on two promissory notes, each of which was signed by defendants and made payable to the order of John H. Smathers. Although the notes were not indorsed, plaintiff alleged she is presently the owner and holder of the notes by assignment. Defendants answered and admitted that they executed the notes to John H. Smathers, who was the father of the male defendant, but alleged that it was the understanding of the parties that defendants would not have to

pay the notes and that they were only for record in the later settlement of the John H. Smathers Estate. Defendants also denied that plaintiff is the owner of the notes. The two actions were consolidated for trial and were tried by the court without a jury.

At trial, plaintiff introduced the notes in evidence and stipulated that they had never been indorsed by the payee. Plaintiff testified that the notes had been given to her husband by his father, John H. Smathers, the payee, and that they came to her as result of her husband's death three years ago. There was also evidence that John H. Smathers had died and that First Union National Bank was executor of his estate.

At conclusion of the evidence, the court entered judgment finding "as a matter of law that the plaintiff is the owner and holder of the two promissory notes being sued on and pursuant to Section 25-3-301 of General Statutes of North Carolina is entitled to enforce payment in her own name." From judgment for plaintiff for the amount of the notes plus interest, defendants appeal.

*Richard W. Riddle for plaintiff appellee.*

*W. R. Francis and Roberts, Cogburn & Williams by Max O. Cogburn and Max O. Cogburn, Jr., for defendant appellants.*

PARKER, Judge.

G.S. 25-1-201(20) defines a "holder" as "a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank." The notes upon which plaintiff sues were not drawn, issued or indorsed to her or to her order or to bearer or in blank. Therefore, plaintiff is not the holder of the notes within the meaning of the Uniform Commercial Code, G.S. Ch. 25, and the trial court erred in according her the rights of a holder under G.S. 25-3-301.

*Dillingham v. Gardner*, 219 N.C. 227, 13 S.E. 2d 478 (1941), cited by plaintiff and which apparently was relied upon by the trial court, is not apposite. The record in that case revealed that the note there in question had been indorsed by the payee and that it was thereafter successively indorsed until it was finally assigned in writing to the defendant Gardner, who had possession of the note when payment was obtained by foreclosure of the

deed of trust which secured the note. The language in the opinion in that case must be read in the light of the record then before the court. In any event, since the decision in that case our General Assembly has enacted present G.S. Ch. 25, the Uniform Commercial Code, and the provisions of that statute control the rights of the parties in the case now before us.

G.S. 25-3-201(1) provides in part that "[t]ransfer of an instrument vests in the transferee such rights as the transferor has therein . . . ." However, subsection (3) of that section provides that until the instrument is indorsed "there is no presumption that the transferee is the owner." Referring to this clause of subsection (3), Official Comment No. 8 to Section 3-201 of the U.C.C. states:

> The final clause of subsection (3), which is new, is intended to make it clear that the transferee without indorsement of an order instrument is not a holder and so is not aided by the presumption that he is entitled to recover on the instrument provided in Section 3-307(2). The terms of the obligation do not run to him, and he must account for his possession of the unindorsed paper by proving the transaction through which he acquired it.

In the present case, the plaintiff testified to some of the circumstances under which she obtained possession of the notes, but the trial court made no findings of fact with respect thereto. Indeed, the trial court, which heard this case without a jury, made no findings of fact whatsoever as it was required to do by G.S. 1A-1, Rule 52(a)(1). Instead, it based its judgment for the plaintiff entirely upon its finding "as a matter of law that the plaintiff is the owner and holder" of the notes. Since we have found that legal conclusion was in error, defendants are entitled to a new trial. Upon a new trial, plaintiff may be able to establish that she is the transferee of the notes and thus under G.S. 25-3-201(1) has such rights as her transferor had therein. This may include the right to maintain an action to enforce payment of the notes, subject, however, to any defenses which defendants could have asserted against her transferor.

New trial.

Judges BRITT and VAUGHN concur.