ROY FAULK, PLAINTIFF v. WAYNE GUY DELLINGER, DEFENDANT AND THIRD
PARTY PLAINTIFF v. ROY TILLEY, THIRD PARTY DEFENDANT

No. 7922SC26

(Filed 20 November 1979)

**Animals § 3— ownership of cow which caused accident—summary judgment im-
proper**

     A genuine issue of material fact existed as to whether third party defend-
ant was the owner of a cow which caused an automobile-motorcycle accident
where there was evidence on motion for summary judgment tending to show
that the accident was caused by a black angus cow; third party defendant
owned the land on both sides of the road for some distance in each direction
from the point of the accident and used the land for pastures; third party
defendant had a herd of black angus in his pastures which was the only herd
of black cows in the neighborhood; the cow which caused the accident disap-
peared from view behind the home of the third party defendant; the fences
were in disrepair near the scene of the accident to the extent that a cow could
have escaped onto the highway; and there was no decrease in the size of the
herd on the day after the accident.

APPEAL by third party plaintiff from *Hairston, Judge.* Judg-
ment entered 6 November 1978 in Superior Court, IREDELL Coun-
ty. Heard in the Court of Appeals 20 September 1979.

This case is before us on the granting of summary judgment
in favor of third party defendant, Tilley. The facts of the case
taken from the pleadings and affidavits reveal the following.

The case arose out of an accident on U.S. Highway 115 north
of Statesville on 20 July 1977 around 9:30 p.m. Third party plain-
tiff, Dellinger, was headed south towards Statesville in a 1967
Triumph. He observed in his headlight beams what appeared to
be a fresh tar patch in the road. As he drew nearer, the apparent
tar patch moved and disclosed a set of eyes. Third party plaintiff
found himself fast approaching the rear of a full-grown, black
angus cow in the middle of the road. Having no time to brake,
Dellinger attempted to pass to the right or west side of the cow.
The cow then turned and came toward Dellinger who then
swerved left crossing the center line. The car went completely off
the east shoulder of the highway. Dellinger avoided the cow. His
car, in a sideways slide, came partially back on the road. The rear
wheels hit a hole causing the car to flip over on its side and then
its top. The car came to a stop partially in the northbound lane of

the highway. Dellinger was thrown from the car. Hearing the sound of a northbound motorcycle, Dellinger crawled into the east shoulder ditch.

Roy Faulk, headed north on the highway on his motorcycle, crested a hill and came upon the wrecked car in his lane. Traveling too fast to stop in time, he slid into the car. Faulk sued Dellinger for his injuries and damages. Dellinger brought in third party defendant, Tilley, who was the alleged owner of the cow. It was upon this issue of ownership that the judge granted summary judgment. The drivers of two cars following Dellinger also saw the cow come suddenly in front of Dellinger into the middle of the road. The cow crossed from the west side of the highway to the east. Following the accident, the cow went up the east bank of the road and disappeared behind a white frame house. The white frame house was Tilley's home. Tilley owned the land on both sides of the road at the point of the accident. Both sides contained fenced-in pasture in which Tilley kept a herd of black angus cattle. The fences were in need of repair and had places where a cow could have passed through. Tilley, according to Dellinger's affidavit, was the only person in a radius of two miles on either side of the road who owned cows except for one man who owned a single milk cow which was not black.

Tilley's motion for summary judgment was accompanied by affidavits of his farm employee and his son. Tilley's employee had checked the fences and counted the cows before the accident. The employee checked the fences prior to the accident and found nothing wrong. He checked the fences the morning after the wreck and found them still in good shape. He had also counted the herd and found the same number of cows. Tilley's son said he checked the cattle and the fences the morning after the accident and found the proper number of cows and nothing wrong with the fences. Both the son and employee said there were cows owned by five other people pastured in the same general area.

*Farthing and Cheshire, by H. Clinton Cheshire, for third party plaintiff appellant.*

*Homesley, Jones, Gaines and Dixon, by T. C. Homesley, Jr., and Edmund L. Gaines, for third party defendant appellee.*

VAUGHN, Judge.

The sole question is whether it was proper to grant summary judgment for third party defendant, Tilley. If the pleadings and affidavits show there is no genuine issue as to the material fact of ownership of the cow by Tilley, then as a matter of law he is entitled to summary judgment. G.S. 1A-1, Rule 56(c). Contrary to the burden at trial, the burden at this stage is on Tilley as movant to establish the lack of a triable issue. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972); *Tolbert v. Tea Company*, 22 N.C. App. 491, 206 S.E. 2d 816 (1974). We conclude that he has not met this burden. It was error to grant summary judgment for Tilley. The pleadings and affidavits present a triable issue of fact on whether Tilley owned the cow which caused the wreck.

Looking at the record in a light most favorable to the party opposing the motion, the issue of ownership is a fact for the jury to determine and not a matter of law for the trial judge to rule on. It is not the purpose of summary judgment to conduct trials by affidavit.

The record discloses that Tilley owns land on both sides of the road for some distance in each direction from the point of the accident. The land is in pasture on both sides of the road except for the ground on which his home is situated. It is behind his home that the cow disappeared from view of the eyewitnesses. He had a herd of black angus in his pastures and a black cow allegedly caused the accident in question. The cow was observed crossing west to east and at all times not in the public right-of-way, which runs north to south, it was moving upon and further within land owned by Tilley. Tilley has the only herd of black cows in the neighborhood. The fences were in disrepair near the scene of the accident to the extent that a cow could have escaped out onto the highway. There was no decrease or increase in the size of the herd on the day before the accident and the day after the accident.

Tilley takes issue with Dellinger's affidavit in opposition to the motion for summary judgment which says, "*To the best of my knowledge*, Mr. Tilley is the only one who owns cows within a radius of two miles on either side of the point in the road where the accident occurred, with the exception of one man who owns a single milk cow and this cow is not black in color." (Emphasis add-

ed.) "Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." G.S. 1A-1, Rule 56(e) (Emphasis added). Tilley asserts that by couching the statement in the affidavit by the phrase "to the best of my knowledge" Dellinger has presented facts not made upon personal knowledge and therefore improper for consideration in opposition to the motion for summary judgment.

What an affiant thinks are facts, unless it is a situation proper for opinion evidence, is not information made on personal knowledge proper for consideration on a summary judgment motion. *Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976); *Peterson v. Winn-Dixie*, 14 N.C. App. 29, 187 S.E. 2d 487 (1972). However, in the case at hand, we do not have a situation of manufactured fact but merely a self-imposed limitation to the affiant's personal knowledge which is all the rule requires. In any event, if this affidavit is disregarded, Tilley's affidavits in support of his motion still would not carry his burden of showing that no genuine issue of material fact existed about whether he, the movant, was owner of the black cow involved in the accident. *See Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976); *Ammons v. Kellogg*, 137 Miss. 551, 102 So. 562 (1925); 4 Am. Jur. 2d, Animals § 123.

The judgment allowing third party defendant Tilley's motion for summary judgment is

Reversed.

Judges ERWIN and HILL concur.