GREEN TREE FINANCIAL SERVICING CORP., PLAINTIFF-APPELLANT v. ELIJAH B. YOUNG D/B/A E.B. YOUNG & SONS, JANICE LANGSTON D/B/A E.B. YOUNG & SONS, DEFENDANTS-APPELLEES

No. COA98-1153

(Filed 18 May 1999)

1. **Civil Procedure— Rule 52—findings insufficient—facts undisputed**

   Plaintiff's argument that the trial court erred in an action for possession of a mobile home and a counterclaim for a towing and storage lien by failing to find sufficient facts to support its conclusion was rejected where the court's findings were in essence legal conclusions, but the facts were undisputed and only one inference could be drawn.

2. **Liens— towing and storage of mobile home—contract—implied**

   The trial court did not err by finding a towing and storage lien for a mobile home even though plaintiff presented no evidence of a contract as required under N.C.G.S. § 44A-2(d). This case is guided by the reasoning of *Case v. Miller*, 68 N.C. App. 729, and *State v. Davy*, 100 N.C. App. 551, which involved an implied contract with a legal possessor to tow and store a vehicle in a situation whereby the legal possessor had no intention of paying the requisite towing and storage costs.

Appeal by plaintiff Green Tree Financial Servicing Corp. from judgment entered 28 May 1998 by Judge Kimbrell Kelly Tucker, District Court, Cumberland County. Heard in the Court of Appeals 29 April 1999.

*Frederic E Toms & Associates, by John H. Capitano and Frederic E. Toms, for plaintiff-appellant.*

*Cooper, Davis & Cooper, by William R. Davis, for defendants-appellees.*

WYNN, Judge.

During July 1990, Brunson Housing Center, Inc. sold Linda Burnette a mobile home and perfected a purchase money security interest in it. Thereafter, Brunson Housing Center assigned the security interest, along with the retail installment contract, to Green Tree Financial Servicing Corp. At all times pertinent to this appeal, Green Tree held that security interest.

Burnette lived in the mobile home on a parking space that she leased from Lillian Brunson. However, in August 1997, she abandoned the mobile home and as a result, Brunson obtained a Judgment in Summary Ejectment and writ of possession over the mobile home.

Thereafter, Brunson contacted Elijah Young, agent for defendant Young & Sons, and requested that he remove the mobile home from her property. Accordingly, Young, with the aid of a subcontractor, removed the mobile home. Neither party conversed with Burnette about the mobile home's removal. Moreover, it was understood between the parties that Brunson would not be responsible for the towing and storage costs.

The mobile home was stored on Young & Sons' property for sixty days until Green Tree attempted to gain possession of it. At that time, Young & Son asserted a lien for towing and storing the mobile home. In response, Green Tree filed suit to obtain possession of the mobile home and Young & Sons counterclaimed asserting a towing and storage lien. Following a bench trial, District Court Judge Kimbrell Tucker entered judgment for Young & Sons in the amount of $4000. Green Tree appeals this ruling.

[1] Initially, we address Green Tree's argument that the trial court committed reversible error by failing to find sufficient facts to support its conclusion. Under rule 52(a) of the North Carolina Rules of Civil Procedure,

> [i]n all actions tried upon the facts without a jury . . ., the court shall find the facts specifically and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

N.C. Gen. Stat. § 1A-11; N.C.R. Civ. P. 52(a). The purpose of this rule is to allow reviewing courts to determine from the record whether the judgment and its underlying legal conclusions represent a correct application of the law. *See Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980). This requirement is not a mere formality, but rather is designed to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their roles properly. *Id.*

Rule 52(a), however, does not require the trial court to recite all the evidentiary facts before it. *See Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982). Rather, rule 52(a) only requires the court to find those facts which are material and necessary to the determination of whether the findings are supported by the evidence and whether they support the legal conclusions reached. *Id.* Moreover, when a court fails to make appropriate findings or conclusions, this Court is not required to remand the matter if the facts are not in dispute and only one inference can be drawn from them. *See Harris v. N.C. Farm Bureau Mut. Ins. Co.*, 91 N.C. App. 147, 150, 370 S.E.2d 700, 702 (1988).

In the case *sub judice*, the trial court made the following pertinent findings of fact:

1. That the Plaintiff has a perfected security interest and lien on that certain 1990 Peachtree mobile home which was the subject of this action.

2. That the Defendant, Janice Langston (Young), d/b/a E.B. Young & Sons, has a towing and storage lien pursuant to N.C.G.S. Section 44A-2, which is superior to the lien of the Plaintiff.

Green Tree argues that these findings, though labeled findings of fact, are in essence legal conclusions. We agree. Indeed, the trial court never found facts to support its "finding" that Young & Sons has a towing and storage lien. Despite the court's error in this regard, we reject this aspect of Green Tree's argument because we find that the facts are undisputed and only one inference can be drawn from them—Young & Son's have a lien on the mobile home. *See Harris*, 91 N.C. App. at 150, 370 S.E.2d at 702. Accordingly, we proceed to the substantive issues this case presents.

**[2]** Green Tree contends that the lien on the mobile home should be dismissed because Young & Sons presented no evidence of a contract as required under N.C. Gen. Stat. § 44A-2(d). That statute states, in

relevant part, that any person who tows or stores motor vehicles in the ordinary course of business pursuant to,

> an *express or implied contract* with the owner or legal possessor of the motor vehicle has a lien upon the motor vehicle for reasonable charges for such . . . towing or storing . . . . This lien has priority over perfected and unperfected security interests.

N.C. Gen. Stat. § 44A-2(d) (1995) (emphasis supplied). Because a mobile home is a motor vehicle for purposes of this statute, both parties concede that it directly guides our result in this matter. *See King Homes, Inc. v. Bryson,* 273 N.C. 84, 88, 159 S.E.2d 329, 332 (1968).

Green Tree contends that Young & Sons cannot lawfully assert a lien over the mobile home because N.C. Gen. Stat. § 44A-2 requires a person asserting a lien over a motor vehicle to have an "express or implied contract with the [motor vehicle's] owner or legal possessor." It is undisputed that Burnette, the owner of the mobile home, did not have an express or implied contract with Young & Sons. However, it is further undisputed that after obtaining a Judgment of Summary Ejectment and writ of possession, Brunson became the legal possessor of the mobile home. Young & Sons, however, concedes that it did not expect Brunson, the legal possessor, to pay for the mobile home's towing and storing, but rather expected that the mobile home's owner would pay those fees.

Nonetheless, in any event, the cases of *Case v. Miller,* 68 N.C. App. 729, 315 S.E.2d 737 (1984), and *State v. Davy,* 100 N.C. App. 551, 397 S.E.2d 634 (1990) guide our decision in this case. In those cases, we held that a storage or towing company may obtain a lien over a motor vehicle under N.C. Gen. Stat. § 44A-2(d) when the company is directed by a sheriff to tow or store that vehicle. These holdings are analogous to the case *sub judice* because they involve an implied contract with a legal possessor, i.e., the sheriff, to tow and store a vehicle in a situation whereby the legal possessor has no intention of paying the requisite towing and storage costs. We see no reason to depart from the reasoning of these cases. Accordingly, we reject this assignment of error.

Affirmed.

Judges WALKER and HUNTER concur.