IN RE: FORECLOSURE OF DEED OF TRUST FROM JAMES L. YOPP III AND WIFE, TINA M. YOPP TO VICKI L. PARRY DATED 12/21/2007, AND RECORDED 12/28/2007, IN BOOK 5264, ON PAGE 140, BY FRANCES S. WHITE, SUBSTITUTE TRUSTEE

No. COA11-753

(Filed 20 December 2011)

**1. Civil Procedure—affidavits—Rule 56(e)—made to best of personal knowledge**

An affidavit was properly admitted even though respondents argued that it contained opinion testimony because the statements were made to the best of the affiant's personal knowledge. This was merely a self-imposed limitation to the affiant's personal knowledge.

**2. Civil Procedure—affidavits—opinion—disregarded**

The trial court did not abuse its discretion by admitting an affidavit which contained an opinion about the identity of the owner and holder of a promissory note and deed of trust. Statements in affidavits as to opinions, beliefs, or conclusions of law were to no effect.

**3. Evidence—internet print-out—not authenticated—other evidence**

Although an internet print-out showing the merger of two banks was not authenticated and was inadmissible in a foreclosure action, respondents waived their exception because other evidence of the merger was admitted without objection.

**4. Mortgages and Deeds of Trust—holder of note—bank merger**

The trial court properly concluded that petitioner was the holder of a note and authorized the trustee to proceed with the foreclosure sale where the only inference that could have been drawn from the evidence was that petitioner-bank had merged with another bank and was in physical possession of note at the time of the hearing.

Appeal by respondents from order entered 22 February 2011 by Judge Russell J. Lanier, Jr. in Superior Court, New Hanover County. Heard in the Court of Appeals 16 November 2011.

*Guthrie, Davis, Henderson & Staton, P.L.L.C., by John H. Hasty and Justin N. Davis, for petitioner-appellee Capital One, N.A.*

*Shanklin & Nichols, LLP, by Kenneth A. Shanklin, for respondent-appellants.*

STROUD, Judge.

James L. Yopp, III and Tina M. Yopp ("respondents") appeal from an order authorizing Frances S. White, as substitute trustee, to proceed with a foreclosure sale of certain real property as permitted by the deed of trust. For the following reasons, we affirm the trial court's order.

I. Background

On 20 January 2010, Capital One, N.A., ("petitioner") caused Frances S. White, substitute trustee, to file a "Notice of Hearing" with

the Clerk of Superior Court, New Hanover County requesting to proceed with the foreclosure and sale on a real estate security interest described in a "Deed of Trust originally executed by James L. Yopp III and wife, Tina M. Yopp, . . . for the benefit of Chevy Chase Bank F.S.B." The notice further stated that the deed of trust was given to secure a promissory note made and executed by respondents in the amount of $2,415,000.00 ("the note"); Chevy Chase Bank, F.S.B. was the original holder of the deed of trust and note; petitioner was the current holder of the deed of trust and note; respondents were in default on the note; the real estate secured by the deed of trust was located in New Hanover County at 7156 River Road, Wilmington, North Carolina 28412; the deed of trust was recorded on 28 December 2007 in Book 5264, on Page 140 of the New Hanover County Public Registry; the proposed foreclosure sale was for 8 April 2010 at 3:30 p.m.; and a hearing was set on 18 March 2010 before the clerk. On 6 October 2010, petitioner filed an "Affidavit and Statement of Account" from James J. Cox, Vice President with Capital One, N.A. and a copy of the note listing Chevy Chase Bank, F.S.B. as the lender, signed by both respondents, and indorsed "Pay to the Order of _____ _____ [blank] Without Recourse To Chevy Chase Bank, F.S.B" followed by the signature of "Darlene K. Opalski[,] Assistant Vice President[,]" of Chevy Chase Bank. On the same date, respondents filed "objections to foreclosure affidavits and motion to dismiss" arguing that petitioner was not the "holder" of the promissory note and deed of trust and the affidavits filed in support of the notice did not comply with N.C. Gen. Stat. § 1A-1, Rule 56. On 15 October 2010, by written order, the clerk "found that the Substitute Trustee [could] proceed at foreclosure under the terms of the above-described Deed of Trust and give notice of and conduct a foreclosure sale as by statute provided[;]" it further noted that respondents objected to the foreclosure affidavits; and denied their motion to dismiss. On the same date, the substitute trustee filed a "notice of foreclosure sale" setting the date of the sale as 5 November 2010.

On 20 October 2010, respondents filed notice of appeal to Superior Court, New Hanover County from the clerk's 15 October 2010 order. A *de novo* hearing for respondents' appeal was held on 7 February 2011. On 14 February 2011, respondents filed a "Notice of Filing of True Copies of Original Documents Regarding Chevy Chase Bank F.S.B Tendered in Open Court Before The Honorable Russell J. Lanier, Jr. Regarding Appeal of James L. Yopp, III and Tina M. Yopp" which listed exhibits tendered by petitioner at the foreclosure hear-

**IN RE FORECLOSURE OF YOPP**

[217 N.C. App. 488 (2011)]

ing in support of the foreclosure with copies of those documents, including the promissory note and Mr. Cox's affidavit. On 22 February 2011, the trial court, by written order, found *inter alia*, that "**Capital One, N.A.** is the holder of the note sought to be foreclosed and said note evidences a valid debt owed by [respondents]" and ordered "that the Substitute Trustee can proceed to foreclose under the terms of the above-described Deed of Trust and give notice of and conduct a foreclosure sale as by statute provided." (Emphasis in original.) On 21 March 2011, respondents filed notice of appeal from the trial court's 22 February 2011 order.

## II. Mr. Cox's Affidavit

Respondents first contend that the trial court committed reversible error in allowing into evidence an affidavit by James J. Cox, Vice President at Capital One, N.A. as (1) it contained opinion testimony in violation of N.C. Gen. Stat. § 1A-1, Rule 56(e) and (2) contained an incompetent and inadmissible legal conclusion that petitioner is the "holder" of the note. This Court has stated that

> [a] principle tenet of evidence is that "all relevant evidence is admissible." N.C.R. Evid., Rule 402 (2000). Whether or not evidence should be excluded is a matter within the discretion of the trial court. *Reis v. Hoots*, 131 N.C. App. 721, 727, 509 S.E.2d 198, 203 (1998). The trial court's ruling will be reversed only upon a showing that it was so arbitrary that it could not be the result of a reasoned decision. *Id.* at 727, 509 S.E.2d at 203; *Sitton v. Cole*, 135 N.C. App. 625, 626, 521 S.E.2d 739, 740 (1999).

*Sterling v. Gil Soucy Trucking, Ltd.*, 146 N.C. App. 173, 177, 552 S.E.2d 674, 677 (2001).

## A. Inadmissible Opinion

**[1]** Respondents argue that Mr. Cox's affidavit was admitted in error as it contained opinion testimony in violation of N.C. Gen. Stat. § 1A-1, Rule 56(e) because it makes statements as "to the best of [Mr. Cox's] knowledge" and "is not a statement of the affiant's actual personal knowledge under North Carolina law." Petitioner responds that Mr. Cox's affidavit was given upon his personal knowledge from review of petitioner's business records and as such is competent evidence.

N.C. Gen. Stat. § 1A-1, Rule 56(e) (2009) states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall

show affirmatively that the affiant is competent to testify to the matters stated therein." N.C. Gen. Stat. § 1A-1, Rule 43(e) (2009) states, in pertinent part, that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties . . . ." Although Rule 56(e) applies to summary judgment motions, "this Court has held the N.C. R. Civ. Pro. 56(e) requirement that affidavits must be based upon personal knowledge applies to Rule 43(e)." *Lemon v. Combs*, 164 N.C. App. 615, 621, 596 S.E.2d 344, 348 (2004). Indeed, "it is a general legal principle that affidavits must be based upon personal knowledge." *Id.* at 622, 596 S.E.2d at 348.

Respondents point us to the following portions of Mr. Cox's affidavit in which he states that his affirmations are "to the best of [his] knowledge":

1. That Capital One, NA is the servicer for Capital One, N.A. and that *to the best of my knowledge* am familiar with records of Capital One, N.A. relating to its loan in the original principal amount of $2,415,000.00 to James L. Yopp III and wife, Tina M. Yopp (hereinafter called the "Grantor"), as evidenced by a Promissory Note of Grantor, a copy of which is attached hereto as Exhibit A, and secured by the above Deed of Trust from Grantor, dated 12/21/2007, and recorded 12/28/2007, in Book 5264, on Page 140, in the Office of the Register of Deed for New Hanover County, North Carolina, a copy of which is attached as Exhibit B, both copies of which are true copies of the respective documents.

. . . .

10. *To the best of my knowledge and belief*, based on the records from Mortgagee, the mortgagors holding an interest in the above-described property were not members of the Armed Forces of the United States of America and had not been members of any such entities for at least three (3) months prior to the date of the Trustee's Sale the subject hereof.

(Emphasis added.) Respondents argue that "*To the best of my knowledge*" denotes that Mr. Cox based his affirmations on his personal opinion. In *Faulk v. Dellinger*, 44 N.C. App. 39, 259 S.E.2d 782 (1979), the "affidavit in opposition to the motion for summary judgment" stated that

*To the best of my knowledge*, Mr. Tilley is the only one who owns cows within a radius of two miles on either side of the point in the

road where the accident occurred, with the exception of one man who owns a single milk cow and this cow is not black in color.

*Id.* at 41, 259 S.E.2d at 783-84 (emphasis in original). The defendant argued "that by couching the statement in the affidavit by the phrase 'to the best of my knowledge' [the opposing party had] presented facts not made upon personal knowledge[.]" *Id.* at 42, 259 S.E.2d at 784. The Court held that this was not a statement of opinion or "a situation of manufactured fact but merely a self-imposed limitation to the affiant's personal knowledge which is all the rule requires." *Id.* Here, like *Faulk*, Mr. Cox put a "self-imposed limitation to the affiant's personal knowledge[,]" *see Faulk*, 44 N.C. App. at 42, 259 S.E.2d at 784, that based on the documents he had reviewed his affirmations were true. Accordingly, Mr. Cox's statements were based on his personal knowledge and respondents' argument is overruled.

B. Inadmissible Legal Conclusions

**[2]** Respondents also argue that Mr. Cox's affidavit should have been excluded by the trial court because it contains inadmissible conclusions of law, specifically that Capital One, N.A. is the owner and holder of the indebtedness. Petitioner responds that the statement in Mr. Cox's affidavit that petitioner was the "holder" of the indebtedness was merely a factual statement that it was in possession of the promissory note.

The relevant portions of Mr. Cox's affidavit state the following:

3. That Capital One, N.A. is the *owner and holder* of the entire indebtedness secured by the Deed of Trust and said account is serviced by Capital One, NA.

. . . .

7. That Capital One, N.A. is the *owner and holder* of said Note and Deed of Trust and has instructed the Substitute Trustee to institute foreclosure proceedings and to sell the real property described in said Deed of Trust pursuant to the power of sale contained therein.

(Emphasis added.) In the context of a foreclosure power of sale pursuant to N.C. Gen. Stat. §. 45-21.16, the term "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *In re Foreclosure of a Deed of Trust Executed by Hannia M. Adams & H. Clayton Adams*, ___ N.C. App. ___, ___, 693 S.E.2d 705, 709 (2010)

(quoting N.C. Gen. Stat. § 25-1-201(b)(21) (2009)). Whether an entity is a "holder" has been held to be "a légal conclusion that is to be determined by a court of law on the basis of factual allegations." *In re Foreclosure by David A. Simpson, P.C.*, ___ N.C. App. ___, ___, 711 S.E.2d 165, 173-74 (2011). However, this Court has noted that "[s]tatements in affidavits as to opinion, belief, or conclusions of law are of no effect[.]" *Lemon v. Combs*, 164 N.C. App. 615, 622, 596 S.E.2d 344, 349 (2004) (quoting 3 Am. Jur. 2d, *Affidavits* § 13); *In re Simpson*, ___ N.C. App. at ___, 711 S.E.2d at 173-74 (disregarding the affiant's "conclusion as to the identity of the 'owner and holder' of the [promissory note and deed of trust"). Therefore, as we disregard Mr. Cox's conclusion of law in his affidavit that Capital One, N.A. is the owner and holder of the promissory note, *see id.*, we overrule respondents' argument that this one legal conclusion resulted in the whole affidavit being admitted in error. Accordingly, we hold that the trial court did not abuse its discretion in allowing into evidence Mr. Cox's affidavit. *See Sterling*, 146 N.C. App. at 177, 552 S.E.2d at 677.

### III. Internet Printout

**[3]** Respondents next contend that the trial court committed reversible error in admitting over respondents' objections the tender of exhibit P9, which consisted of "internet printouts[,]" as this exhibit was not duly authenticated as a public record to show the purported merger of Chevy Chase Bank, F.S.B, into Capital One, N.A. Respondents argue that the original promissory note was with Chevy Chase Bank, F.S.B. and the only evidence that Chevy Chase Bank, F.S.B merged with Capital One, N.A., giving it assigned rights and standing to enforce the note, was the internet printout, which was admitted without proper authentication. Petitioner responds that exhibit P9 was admissible as "public records of the Federal Deposit Insurance Corporation, the United States National Information Center, and the Federal Reserve," and even if it was error to admit these internet printouts, "the error was harmless and in no way prejudicial to Appellants because of the other evidence establishing the merger [between Chevy Chase Bank, F.S.B. and Capital One, N.A.]"

As noted above, we review the trial court's decision to admit this evidence for an abuse of discretion. *Sterling*, 146 N.C. App. at 177, 552 S.E.2d at 677. Here, it is clear from the record that exhibit P9 consists of a printout of documents from the internet, and petitioner's trial counsel admitted this fact at the hearing, stating that they were "public information" showing that Chevy Chase Bank, F.S.B had "merged without assistance into Capital One." Respondents' counsel

objected to the admission of exhibit P9. The documents contained in exhibit P9 show that Chevy Chase Bank, F.S.B. merged with Capital One, N.A.

Respondent is correct that exhibit P9 was not authenticated as a public record and was inadmissible; the mere fact that a document is printed out from the internet does not endow that document with any authentication whatsoever. *See Rankin v. Food Lion*, ___ N.C. App. ___, ___, 706 S.E.2d 310, 314-15 (2011) (concluding that "two documents included in the record, both of which appear[ed] to be printouts of internet website pages" were inadmissible hearsay and "were properly ignored by the trial court[.]"). However, exhibit P8, the "Non-'Home Loan' Certificate" which was admitted without objection, stated that "Capital One, N.A. was "Successor by merger to . . . Chevy Chase Bank, FSB[.]" Our Supreme Court has stated that "[a]n exception is waived when other evidence of the same import is admitted without objection." *Rushing v. Polk*, 258 N.C. 256, 260, 128 S.E.2d 675, 679 (1962) (citation omitted). As evidence of the merger was admitted in exhibit P8 without respondents' objection, respondents waived their exception as to the introduction of the documents contained in exhibit P9. Accordingly, respondents' argument is overruled.

## IV. Holder of the Promissory Note

[4] In their last argument, respondents, relying on *In re Simpson*, ___ N.C. App. ___, 711 S.E.2d 165, argue that petitioner "has failed to prove in the instant case that it was the holder of the Note under North Carolina law and entitled to proceed with foreclosure of Respondents' home." Respondents argue that since the evidence does not support a conclusion that petitioner was the "holder" of the note and the trial court failed to make any findings supporting its conclusion that petitioner was the holder of the note, petitioner does not have standing to seek foreclose pursuant to the deed of trust. Petitioner responds that the evidence presented to the trial court established that it is the "holder" of the promissory note because the note was indorsed by Chevy Chase F.S.B.; petitioner merged with Chevy Chase, assuming all of its rights as to the note; and at the hearing, petitioner had physical possession of the original promissory note.

We have stated that "the trial court in the appeal of a foreclosure action is to conduct a *de novo* hearing to determine the same four issues determined by the clerk of court: (1) the existence of a valid debt of which the party seeking foreclosure is the holder, (2) the existence of default, (3) the trustee's right to foreclose under the instru-

ment, and (4) the sufficiency of notice of hearing to the record owners of the property." *In re Trust of Azalea Garden Bd. & Care, Inc.,* 140 N.C. App. 45, 49-50, 535 S.E.2d 388, 392 (2000) (citation omitted).[1] Here, respondents challenge only the first requirement. This Court further stated that

> [i]n order to find that there is sufficient evidence that the party seeking to foreclose is the holder of a valid debt in accordance with N.C.G.S. § 45-21.16(d), this Court has determined that the following two questions must be answered in the affirmative: (1) "is there sufficient competent evidence of a valid debt?"; and (2) "is there sufficient competent evidence that [the party seeking to foreclose is] the holder[] of the notes [that evidence that debt]?" *See In re Cooke,* 37 N.C. App. 575, 579, 246 S.E.2d 801, 804-05 (1978); *In re Foreclosure of Connolly v. Potts,* 63 N.C. App. 547, 550, 306 S.E.2d 123, 125 (1983) ("A party seeking to go forward with foreclosure under a power of sale must establish, *inter alia,* by competent evidence, the existence of a valid debt *of which he is the holder.*" (citing N.C. Gen. Stat. § 45-21.16(d); *In re Foreclosure of Burgess,* 47 N.C. App. at 603, 267 S.E.2d at 918).

*In re Adams,* ___ N.C. App. at ___, 693 S.E.2d at 709 (emphasis in original). Respondents do not challenge the existence of a "valid debt" but only whether petitioner is the "holder" of the note. *See id.* "The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings." *In re Azalea,* 140 N.C. App. at 50, 535 S.E.2d at 392 (citation omitted).

In *Simpson,* this Court held that there was no competent evidence to support the trial court's conclusion that the trustee was the owner and holder of a mortgagor's adjustable rate note and deed of trust. ___ N.C. App. at ___, 711 S.E.2d at 174-75. In *Simpson,* this Court stated that

> the definition of "holder" under the Uniform Commercial Code ("UCC"), as adopted by North Carolina, controls the meaning of

---

1. We have noted that "[t]he General Assembly added a fifth requirement, which expired 31 October 2010: 'that the underlying mortgage debt is not a subprime loan,' or, if it is a subprime loan, 'that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed[.]" *In re Simpson,* ___ N.C. App. at ___, 711 S.E.2d at 169 (citation omitted). However, this requirement is not at issue in this case.

the term as it used in section 45-21.16 of our General Statutes for foreclosure actions under a power of sale. *See* [*Connolly v. Potts*, 63 N.C. App. 547, 550, 306 S.E.2d 123, 125 (1983)]; [*In re Adams*, ___ N.C. App. at ___, 693 S.E.2d at 709]. Our General Statutes define the "holder" of an instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." N.C. Gen. Stat. § 25-1-201(b)(21) (2009); *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 203, 271 S.E.2d 54, 57 (1980). Furthermore, a " '[p]erson' means an individual, corporation, business trust, estate, trust . . . or any other legal or commercial entity." N.C. Gen. Stat. § 25-1-201(b)(27) (2009).

*Id.* at ___, 711 S.E.2d at 171. Petitioner argued that "its production of the original Note with the Allonge at the *de novo* hearing, as well as its introduction into evidence true and accurate copies of the Note and Allonge . . . 'plainly evidences the transfers' of the Note to Petitioner." *Id.* This Court, in overruling this argument, stated that

[u]nder the UCC, as adopted by North Carolina, "[a]n instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." N.C. Gen. Stat. § 25-3-203(a)(2009). Production of an original note at trial does not, in itself, establish that the note was transferred to the party presenting the note with the purpose of giving that party the right to enforce the instrument, as demonstrated in *Connolly*, 63 N.C. App. at 551, 306 S.E.2d at 125, and *Smathers v. Smathers*, 34 N.C. App. 724, 726, 239 S.E.2d 637, 638 (1977) (holding that despite evidence of voluntary transfer of promissory notes and the plaintiff's possession thereof, the plaintiff was not the holder of the note under the UCC as the notes were not drawn, issued, or indorsed to her, to bearer, or in blank. "[T]he plaintiff testified to some of the circumstances under which she obtained possession of the notes, but the trial court made no findings of fact with respect thereto.")

*Id.* The Court further noted that "the trial court's findings of fact do not address who had possession of Mr. Gilbert's note at the time of the *de novo* hearing" and even if it did "this [would] . . . not [be] sufficient evidence that Petitioner is the 'holder' of the Note" as

the Note was not indorsed to Petitioner or to bearer, a prerequisite to confer upon Petitioner the status of holder under the UCC. *See* N.C. Gen. Stat. § 25-1-201(b)(21) (requiring that, to be a holder,

a person must be in possession of the note payable to bearer or to the person in possession of the note).

*Id.* at ___, 711 S.E.2d at 172. The Court also noted that as "the indorsement [on the Allonge] does not identify Petitioner and is not indorsed in blank or to bearer, it cannot be competent evidence that Petitioner is the holder of the Note." *Id.* at ___, 711 S.E.2d at 173. This Court also held that petitioner's two affidavits from GMAC Mortgage employees were "not competent evidence to support the trial court's conclusion that" petitioner was the holder of the note, as one alleged no facts as to who possessed the note; the affiants' statement that petitioner was "the owner and holder" of the note was a conclusion of law, which in an affidavit are "of no effect[;]" and the other affiant "provide[d] no basis upon which we can conclude he had personal knowledge" that petitioner "had possession of the note[.]" *Id.* at ___, 711 S.E.2d at 174-75. The Court in reversing the trial court's ruling "conclude[d] [that] the record is lacking of competent evidence sufficient to support that Petitioner is the owner and holder of Mr. Gilbert's note and deed of trust." *Id.* at ___, 711 S.E.2d at 175.

Here, the trial court's order concludes that "**Capital One, N.A.**, is the holder of the note sought to be foreclosed[,]" but like *Simpson* fails to make any findings as to who had actual physical possession of the note at the time of the hearing. (Emphasis in original.) Unlike *Simpson*, petitioner here does not argue that it is the holder of the note through indorsement or transfer but by virtue of its merger with the original holder of the note and indorser of the note in blank, Chevy Chase, F.S.B. N.C. Gen. Stat. § 53-17 (2009) states that

[w]henever any bank, trust company, savings association, or savings bank, organized under the laws of North Carolina or the United States, and doing business in this State, shall consolidate or merge with or shall sell to and transfer its assets and liabilities to any other bank, trust company, savings association, or savings bank doing business in this State, as provided by the laws of North Carolina or the United States, all the then existing fiduciary rights, powers, duties and liabilities of such consolidating or merging or transferring institution, including the rights, powers, duties and liabilities as executor, administrator, guardian, trustee, and/or any other fiduciary capacity, whether under appointment by order of court, will, deed, or other instrument, shall, upon the effective date of such consolidation or merger or sale and transfer, vest in, devolve upon, and thereafter be performed by, the transferee institution or the consolidated or merged institution,

IN RE FORECLOSURE OF YOPP

[217 N.C. App. 488 (2011)]

and such latter institution shall be deemed substituted for and shall have all the rights and powers of the transferring institution.

However, the trial court also failed to make any findings of fact as to merger and the transfer of rights to petitioner to support its conclusion that petition was the "holder" of the note. "[W]hen a court fails to make appropriate findings or conclusions, this Court is not required to remand the matter if the facts are not in dispute and only one inference can be drawn from them." *Green Tree Financial Servicing Corp. v. Young*, 133 N.C. App. 339, 341, 515 S.E.2d 223, 224 (1999). There is no dispute that petitioner had physical possession of the note at the hearing and submitted into evidence a copy of that note. Even though respondents challenge the internet printouts regarding the merger between Chevy Chase Bank, F.S.B. and Capital One, N.A. and we held they were inadmissible, respondents make no challenge to the content in exhibit P8, the "Non-'Home Loan' Certificate" which stated that "Capital One, N.A. was "Successor by merger to . . . Chevy Chase Bank, FSB[.]" Therefore, the only inference that can be drawn from the evidence is that petitioner, Capital One, N.A., merged with Chevy Chase Bank and was in physical possession of the note at the time of the hearing. *See id.* Because of the merger, petitioner was "substituted for" and had "all the rights and powers of the transferring institution[,]" Chevy Chase F.S.B., had before the merger. *See* N.C. Gen. Stat. § 53-17, As Chevy Chase Bank was the indorser of the note in blank, petitioner received those rights in the merger. *See id.* Thus, the trial court properly concluded that petitioner was the "holder" of the note. *See Simpson*, ___ N.C. App. at ___, 711 S.E.2d at 171 (defining "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." (citation omitted)).[2] Accordingly, we affirm the trial court's order authorizing the substitute trustee to proceed with the foreclosure sale.

AFFIRMED.

Judges BRYANT and CALABRIA concur.

---

2. Also like *Simpson*, Mr. Cox in his affidavit stated that petitioner was the "owner and holder" of the promissory note. But as we have stated above, this was a conclusion of law in the affidavit which in an affidavit is "of no effect[,]" and "not competent evidence to support the trial court's conclusion that" petitioner was the holder of the note. *Simpson*, ___ N.C. App. at ___, 711 S.E.2d at 174-75.