ZACHARY, Judge.
 

 *764
 
 Respondents appeal from an order authorizing Beneficial Financial I Inc., through substitute trustee Trustee Services of Carolina, LLC (Trustee Services), to proceed with foreclosure in accordance with the terms of the Deed of Trust secured by real property located at 212 Cedar Ridge Road, Franklin, North Carolina (the property). For the reasons that follow, we affirm.
 

 I. Background
 

 On 20 June 2006, Respondents borrowed $102,726.34 by executing a loan agreement (the Note) in favor of Beneficial Mortgage Company of North Carolina (BMCNC). The Note was secured by a Deed of Trust that encumbered the property. In 2009, BMCNC merged with Beneficial Mortgage Company of Virginia (BMCV), which then merged with Beneficial Financial I Inc. (Beneficial).
 

 *765
 
 Respondents later defaulted under the terms of the Note. As a result, Beneficial, through Trustee Services, initiated foreclosure proceedings pursuant to the power-of-sale provision contained in the Deed of Trust. The Notice of Hearing, dated 10 June 2013, indicated that "the current holder of the above-described Deed of Trust and the indebtedness secured thereby is: Beneficial I Inc Successor by Merger to Beneficial Mortgage Co of North Carolina."
 

 On 17 October 2013, the Clerk of Superior Court of Macon County conducted a hearing on the matter pursuant to
 
 N.C. Gen. Stat. § 45-21.16
 
 and found,
 
 inter alia
 
 , that notice was given to the record owners of the property, that Beneficial was the holder of the Note, that the Note was in default, and that Beneficial had the right to foreclose under the power-of-sale provision in the Deed of Trust. That same day, the clerk entered an order allowing Trustee Services to proceed with the foreclosure sale. Respondents appealed the clerk's order to Macon County Superior Court for
 
 de novo
 
 review.
 

 On 19 January 2016, Judge Marvin Pope conducted the
 
 de novo
 
 hearing in the power-of-sale foreclosure proceeding. At the hearing, Beneficial introduced into evidence an Affidavit of Default that had been executed by Beneficial's Assistant Secretary of Administrative Services, Cherron Martin. In Paragraph 3 of the affidavit, Martin averred that, based on her own personal knowledge of the business and loan records at issue, "BENEFICIAL is in possession of the original promissory note and/or loan agreement ("Note") for this Loan...." A number of exhibits were attached to Martin's affidavit, including photocopies of the Note, the Deed of Trust, and merger documents pertaining to both BMCNC's merger with BMCV and BMCV's merger with Beneficial.
 

 Respondents objected to the admission of Martin's affidavit on three grounds: (1) the affidavit was signed in July 2013 and there
 
 *31
 
 was no indication as to whether the Note had been negotiated since then; (2) none of the averments established that Martin had personal knowledge of Beneficial's possession of the Note; and (3) the affidavit was not accompanied by the original Note. After noting that Paragraph 3 of the affidavit says "Beneficial is in possession of the original promissory note and/or loan agreement for this loan[,]" Judge Pope overruled respondents' objection.
 

 Respondents also moved for a directed verdict "on the basis that [Beneficial] has failed to prove they're the holder of the note and can't proceed." Judge Pope denied the motion. As a result, Martin's affidavit was admitted into evidence, together with the accompanying exhibits.
 

 *766
 
 On 20 January 2016, Judge Pope entered an order that authorized Trustee Services to proceed with the foreclosure on the property in accordance with the terms of the Deed of Trust. Respondents appeal.
 

 II. Standard of Review and General Principles
 

 "The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings."
 
 In re Foreclosure of Adams
 
 ,
 
 204 N.C.App. 318
 
 , 320,
 
 693 S.E.2d 705
 
 , 708 (2010) (citation and quotation marks omitted). "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding."
 
 Id.
 
 at 321,
 
 693 S.E.2d at 708
 
 (citations and quotations marks omitted). "[T]he [trial] court's findings of fact are conclusive if supported by competent evidence, even though other evidence might sustain contrary findings."
 
 Stephens v. Dortch
 
 ,
 
 148 N.C.App. 509
 
 , 515,
 
 558 S.E.2d 889
 
 , 892 (2002) (citations omitted). The trial court's conclusions of law are subject to
 
 de novo
 
 review.
 
 In re Foreclosure of Bass
 
 ,
 
 366 N.C. 464
 
 , 467,
 
 738 S.E.2d 173
 
 , 175 (2013).
 

 Foreclosure by power-of-sale proceedings conducted pursuant to
 
 N.C. Gen. Stat. § 45-21.16
 
 are limited in scope. A power-of-sale provision contained in a deed of trust vests the trustee with the " power to sell the real property mortgaged without any order of court in the event of a default."
 
 In re Foreclosure of Michael Weinman Assocs. Gen. P'ship
 
 ,
 
 333 N.C. 221
 
 , 227,
 
 424 S.E.2d 385
 
 , 388 (1993) (citation and internal quotation marks omitted). After the trustee files a notice of hearing with the clerk of superior court and serves that notice on the necessary parties, the clerk must conduct a hearing on the matter.
 
 N.C. Gen. Stat. § 45-21.16
 
 (a), (d) (2015). At the hearing, the petitioner must present evidence that establishes the following six criteria before the clerk of court may authorize the trustee to proceed with the foreclosure under a power-of-sale provision:
 

 (i) [a] valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) [a] right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b) ... and (vi) that the sale is not barred by G.S. 45-21.12A [.]
 

 Id.
 

 § 45-21.6(d). At a section 45-21.16 foreclosure hearing, "the clerk ... is limited to making the six findings of fact specified under subsection (d)[.]"
 

 *767
 

 In re Foreclosure of Young
 
 ,
 
 227 N.C.App. 502
 
 , 505,
 
 744 S.E.2d 476
 
 , 479 (2013). Although the clerk's decision may be appealed to superior court for a hearing
 
 de novo
 
 ,
 
 N.C. Gen. Stat. § 45-21.16
 
 (d1), the superior court is similarly limited to determining whether the petitioner has satisfied the six criteria contained in subsection 45-21.16(d).
 
 In re Foreclosure of Carter
 
 ,
 
 219 N.C.App. 370
 
 , 373,
 
 725 S.E.2d 22
 
 , 24 (2012). However, upon
 
 de novo
 
 review, the superior court may consider evidence of legal defenses that would negate the findings required under subsection 45-21.16(d).
 
 In re Foreclosure of Goforth Properties, Inc.
 
 ,
 
 334 N.C. 369
 
 , 375,
 
 432 S.E.2d 855
 
 , 859 (1993).
 

 Moreover, in a power-of-sale foreclosure hearing, "the clerk shall consider the evidence of the parties and may consider ... affidavits and certified copies of documents."
 
 N.C. Gen. Stat. § 45-21.16
 
 (d). Affidavits may also be used as competent evidence to establish the required statutory elements in
 
 de novo
 
 foreclosure hearings.
 

 *32
 

 In re Foreclosure of Brown
 
 ,
 
 156 N.C.App. 477
 
 , 486-87,
 
 577 S.E.2d 398
 
 , 404-05 (2003).
 

 III. Analysis
 

 On appeal, Respondents make a series of separate but related arguments that no competent evidence demonstrated that Beneficial was the holder of the Note at the time of the
 
 de novo
 
 hearing. We disagree.
 

 Determination that a party is the holder of a valid debt requires competent evidence (1) of a valid debt and (2) that the party seeking to foreclose is the holder of the promissory note that secures the debt.
 
 In re Foreclosure of Adams
 
 ,
 
 204 N.C.App. at 321-22
 
 ,
 
 693 S.E.2d at 709
 
 . "[T]he definition of 'holder' under the Uniform Commercial Code ("UCC"), as adopted by North Carolina, controls the meaning of the term as it is used in section 45-21.16 of our General Statutes[.]"
 
 In re Foreclosure by David A. Simpson, P.C.
 
 ,
 
 211 N.C.App. 483
 
 , 490,
 
 711 S.E.2d 165
 
 , 171 (2011). The UCC's definition of a "holder" includes "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]"
 
 N.C. Gen. Stat. § 25-1-201
 
 (b)(21)(a) (2015). In determining whether a person is the holder of an instrument, "[i]t is the fact of possession which is significant ..., and the absence of possession defeats that status."
 
 Connolly v. Potts
 
 ,
 
 63 N.C.App. 547
 
 , 550,
 
 306 S.E.2d 123
 
 , 125 (1983). Yet so long as "there is no evidence that photocopies of a note or deed of trust are not exact reproductions of the original instruments, a party need not present the original note or deed of trust and may establish that it is the holder of the instruments by presenting photocopies of the note or deed of trust."
 
 Dobson v. Substitute Tr. Servs., Inc.
 
 ,
 
 212 N.C.App. 45
 
 , 48,
 
 711 S.E.2d 728
 
 , 730 (2011).
 

 *768
 
 Respondents first argue that because over two and half years passed between the execution of Martin's affidavit (July 2013) and the
 
 de novo
 
 hearing in superior court (January 2016), "the possibility exists that the Note had been negotiated at some point" during that period of time.
 

 Other than engaging in speculation, Respondents neither offer a colorable reason nor cite any pertinent case law as to why their contention should prevail. Nothing in the record suggests that Beneficial negotiated or transferred the Note to another party before the
 
 de novo
 
 hearing was held. As a result, we conclude that this argument is without merit.
 

 Respondents next argue that the terminology used in Martin's affidavit "provides no basis to conclude that she has personal knowledge of the alleged fact that Beneficial was 'in possession' of the original note[.]" The affidavit states, in pertinent part, that "[i]n the regular performance of my job functions, I have access to and am familiar with business records maintained by BENEFICIAL for the purpose of servicing mortgage loans." According to Respondents, this language established that Martin's area of responsibility concerns only "servicing" loans, and there is no "indication that Ms. Martin's responsibilities extend to knowledge of the lender's inventory of negotiable instruments, or the status of its corporate existence-including merger or succession." Thus, Respondents insist that the affidavit is not competent evidence of Beneficial's physical possession of the Note or the merger.
 

 Generally, a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." N.C. Gen. Stat. § 8C-1, Rule 602 (2015).
 

 Rule 56(e) of the North Carolina Rules of Civil Procedure provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Civil Procedure Rule 43(e) provides, in relevant part, that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties...." While Rule 56(e) specifically applies to summary judgment motions, "this
 
 *33
 
 Court has held the N.C. R. Civ. Pro. 56(e) requirement that affidavits must be based upon personal knowledge applies to Rule 43(e)."
 
 Lemon v. Combs
 
 ,
 
 164 N.C.App. 615
 
 , 621,
 
 596 S.E.2d 344
 
 , 348 (2004). As noted by the
 
 Lemon
 
 Court, " '[a]lthough an affidavit must be verified by a person with personal knowledge of the facts, the court may
 
 *769
 
 rely on reasonable inferences drawn from the facts stated.' "
 
 Id.
 
 at 622,
 
 596 S.E.2d at 348
 
 (citation omitted).
 

 Here, there was an ample basis upon which to infer that Martin had personal knowledge of the Note's existence and status. Martin's affidavit established that she was an executive in Beneficial's Administrative Services Division, that she had "personal knowledge of the manner in which [Beneficial's loan documents were] created," and that she had "reviewed and relied on those business records concerning the loan which [was] the subject of [the foreclosure] proceeding." The affidavit also correctly identified the amount of the loan evidenced by the Note and the Deed of Trust that secured the Note. Accordingly, Martin's affidavit was based on her personal knowledge and respondent's argument is overruled.
 

 Moreover, based on the facts stated in the affidavit, we conclude that Martin had personal knowledge of Beneficial's corporate status. Even so, it is irrelevant whether Martin had any knowledge of the mergers that resulted in the formation of Beneficial-in addition to Martin's affidavit, several other documents establish that Beneficial is the successor by merger to BMCNC. Beneficial's Exhibit 3 contains official documents from the Secretaries of State of North Carolina, Delaware, and California showing that BMCNC merged with BMCV, and that BMCV merged with Beneficial. Exhibit 4, an Appointment of Substitute Trustee form in which the original trustee is replaced by Trustee Services, specifically states that "Beneficial Financial I Inc. Successor by Merger to Beneficial Mortgage Co. of North Carolina ("Holder") is the holder of the Note." As Respondents make no challenge to the content of these exhibits, we conclude that the trial court had competent evidence of the merger and transfer of rights before it. In sum, our review of the record reveals that the trial court did not abuse its discretion in admitting Martin's affidavit into evidence.
 
 See
 

 In re Simpson
 
 ,
 
 211 N.C.App. at 488
 
 , 711 S.E.2d at 170 ("The admissibility of evidence in the trial court is based upon that court's sound discretion and may be disturbed on appeal only upon a finding that the decision was based on an abuse of discretion.").
 

 Respondents' final argument is that the trial court erred by concluding that Beneficial was the holder of the Note without making a specific finding that Beneficial was in physical possession of the Note.
 

 This Court has previously held that when a trial court's findings of fact do not address the actual physical possession of a promissory note, the court's findings will not support a conclusion that the petitioner in a
 
 *770
 
 foreclosure proceeding is the holder of the note at issue.
 
 Id.
 
 at 492, 711 S.E.2d at 172 ;
 
 Connolly
 
 ,
 
 63 N.C.App. at 551
 
 ,
 
 306 S.E.2d at 125
 
 . However, " 'when a court fails to make appropriate findings or conclusions, this Court is not required to remand the matter if the facts are not in dispute and only one inference can be drawn from them.' "
 
 In re Foreclosure of Yopp
 
 ,
 
 217 N.C.App. 489
 
 , 499,
 
 720 S.E.2d 769
 
 , 775 (2011) (brackets omitted) (quoting
 
 Green Tree Financial Servicing Corp. v. Young
 
 ,
 
 133 N.C.App. 339
 
 , 341,
 
 515 S.E.2d 223
 
 , 224 (1999) ).
 

 Here, Beneficial produced a copy of the original Note at the
 
 de novo
 
 hearing. While Respondents opposed the admission of the Note and Deed of Trust into evidence based on alleged deficiencies in Martin's affidavit, they did not dispute Beneficial's assertion that the photocopy of the Note was a true copy of the original instrument. There being no requirement that the original Note be produced, the photocopy was competent evidence that Beneficial was the holder of Respondent's Note.
 
 See
 

 Dobson
 
 ,
 
 212 N.C.App. at 48
 
 , 711 S.E.2d at 730 (noting that unless evidence demonstrates that photocopies of a note or deed of trust "are not exact reproductions of the original instruments, a party ... may establish that it is the holder of the instruments by presenting photocopies of the note or deed of trust").
 

 Furthermore, Martin's affidavit, which we have held was properly admitted, contained
 
 *34
 
 additional evidence indicating that Beneficial was in physical possession of Respondent's Note. Martin specifically averred that "BENEFICIAL is in possession of the original promissory note and/or loan agreement ("Note") for this Loan...."
 

 Finally, the record contains sufficient evidence of the merger and transfer of rights from BMCNC to Beneficial to support the trial court's conclusion that Beneficial is the holder of the Note.
 
 See
 

 Econo-Travel Motor Hotel Corp. v. Taylor
 
 ,
 
 301 N.C. 200
 
 , 204,
 
 271 S.E.2d 54
 
 , 58 (1980) (noting that "if the alleged merger had occurred, then plaintiff, as the surviving corporation, would have succeeded by operation of law to Econo-Travel Corporation's status as owner and holder of the promissory note, and would have had standing to enforce the note in its own name");
 
 In re Foreclosure of Carver Pond I, L.P.
 
 ,
 
 217 N.C.App. 352
 
 , 356,
 
 719 S.E.2d 207
 
 , 210-11 (2011) (holding that evidence of a merger between former assignee of a promissory note and the petitioner in an action to foreclose pursuant to the terms of the deed of trust that secured that note was competent evidence that the petitioner was the holder of the note). The inferences that Beneficial merged with BMCNC, thereby succeeding by operation of law to BMCNC's status as holder
 
 *771
 
 of the Note, and that Beneficial was in physical possession of the Note at the time of the
 
 de novo
 
 hearing, are easily drawn from the evidence cited above. Accordingly, the trial court properly concluded that Beneficial was the holder of the note.
 

 IV. Conclusion
 

 For the reasons stated above, Martin's affidavit was properly admitted into evidence and the trial court did not err in concluding that Beneficial was the holder of the Note. Consequently, we affirm the trial court's order authorizing Trustee Services to proceed with the foreclosure sale.
 

 AFFIRMED.
 

 Judges CALABRIA and INMAN concur.